No. 24,887.

H. H. Bumgardner, *Appellant,* v. C. F. Halverstadt, and Homer Jester, Garnisher, *Appellees.*

SYLLABUS BY· THE COURT.

1. Garnishment — *Money Judgment — Debtor Garnished in Action Against Creditor in Another District. Court.* A debtor against whom a money judgment has been rendered by one district court, may be garnished in an action against the creditor commenced in another district court.

2. Same—*Double Liability of Garnishee' Discussed.* Proper procedure to protect the garnishee from double liability, outlined.

3. Same—*Conflict of Jurisdiction Between Two Courts.* Rule for avoidance of conflict between the two courts stated.

4. Same—*Rights of Garnishee Stated.* Limitations upon garnishment of judgment-debtors stated.

Appeal from Sumner district court; Oliver P. Fuller, judge. Opinion filed January 12, 1924. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellant. *Harold W. Herrick,* of Winfield, for the appellees.

The opinion of the court was delivered by

Burch, J.: This appeal brings up for review the method by which a district court disposed of the controversy resulting from garnishment of a person against whom it had rendered a money judgment, by process issued from the district court of another county.

Bumgardner obtained judgment against Halverstadt in Sumner county. Jester obtained judgment against Bumgardner in Cowley

county, and caused Halverstadt to be garnished. Halverstadt answered he was indebted to Bumgardner on a judgment rendered in Sumner. Halverstadt then presented to the Sumner court an application in which he stated his situation and prayed for direction as to whether he should pay the judgment into the Sumner court or into the Cowley court. The Sumner court directed him to pay the money to its clerk, to be held until further order, which was done. Bumgardner filed a motion praying that the money in the hands of the clerk be applied on his judgment. Jester appeared and opposed the motion. The court denied the motion, directed the clerk to remit the money to the clerk of the district court of Cowley county, to be applied on Jester's judgment, and discharged Halverstadt from further liability.

The cold fact is, courts do sometimes become headstrong in the use of their processes. Conflicts occur, and occasionally a judgment-debtor, who ought to be privileged to acquit himself by simply paying his debt once, finds himself in the situation of being rolled between unyielding upper and nether millstones. As a result, the clear weight of authority is that a judgment-debtor of one court may not be garnished in a suit against the judgment-creditor pending in another court. The authorities are reviewed in the article on garnishment in 28 Corpus Juris. Discussion specially pertinent to the question under consideration begins with section 182 on page 141.

In the case of *Keith v. Harris,* 9 Kan. 386, this court held a judgment-debtor may be garnished by process issuing from the same district court. In the opinion it was said:

"It is possible there may be some debts, or rather credits, so intimately connected with other matters that to attempt to subject them to garnishment proceedings would require the exercise of powers not possessed by the court. Or it is possible that other insuperable difficulties might arise, so as to preclude the possibility of subjecting such credits to garnishment proceedings; and in all such cases, such credits must of course be exempt from such proceedings. But our statutes do not in terms exempt any credit of any kind whatever. Civil code, §§ 193, 206, 215, 218, 219. We would therefore infer that it is only where insuperable difficulties arise that any credit can be considered as exempt from garnishment proceedings; and as no insuperable difficulty arises in this case, we think the judgment was the subject of garnishment." (p. 388.)

In the same case the court held the garnished judgment-debtor might, pending the garnishment proceeding, restrain collection of the judgment by execution. In the opinion it was said:

"Otherwise the judgment-debtor might, after the sheriff had sold his prop-

erty to satisfy said judgment, again have to pay the amount of the judgment to the creditor of the judgment-creditor. So far as we now see, injunction is the only adequate remedy for such a case." (p. 389.)

In the opinion in the case of *Sutton v. Heinzle*, 84 Kan. 756, 115 Pac. 560, involving garnishment of a foreign corporation, it was said:

"If the indebtedness garnished had actually been in the form of a judgment, by the weight of authority it would not have been subject to garnishment in the courts of another state." (p. 758.)

The foregoing are the only utterances of this court upon the question of garnishment of judgment-debtors.

When the code of civil procedure was revised in 1909, it greatly extended and improved the remedy by garnishment as it existed in 1872, when *Keith v. Harris* was decided. By section 242 of the present code, defining the liability of a garnishee, property, money, credits and effects in his possession, not subject to appropriation by execution, were exempted. In section 243 it was provided that no judgment should be rendered against the garnishee in four specified classes of cases. (Gen. Stat. 1915, §§ 7134, 7135.) Liability of the garnishee upon judgment was not included.

Except for a difference in form but not in substance, in instituting garnishment after judgment, the procedure is the same as in garnishment before judgment.

It is too much to say that Jester could not under any circumstances have garnishment process lawfully issued from the Cowley court and served on Halverstadt. Halverstadt might answer he owed Bumgardner an indebtedness not reduced to judgment, and under a variety of circumstances the propriety of garnishing Halverstadt might not be open to question. Therefore, the garnishment process and its service on Halverstadt were valid. The statute (Gen. Stat. 1915, § 7131) provides that a garnishment proceeding shall be deemed an action by the plaintiff (Jester), against the garnishee (Halverstadt) and the defendant (Bumgardner), and service of the process undoubtedly gave the Cowley court jurisdiction.

From the time garnishment process is served, the garnishee is liable to the plaintiff for money owed the defendant, and the statute reads as follows:

"The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respective interests, and may adjudge the recovery of any indebtedness,  .  .  .  found to be liable to be applied to

the plaintiff's demand, . . . The judgment against a garnishee shall acquit and discharge him from all demands by the defendant or his representatives for all money, goods, effects or credits paid, delivered or accounted for by the garnishee by force of such judgment." (Gen. Stat. 1915, § 7131.)

When Halverstadt answered in the Cowley court that he was indebted to Bumgardner on judgment rendered in the Sumner court, jurisdiction of the Cowley court was not ousted. The court might err in proceeding to render judgment against the garnishee, or in the kind of judgment rendered, or in the manner of enforcing the judgment, but it clearly had jurisdiction of the action in the true sense of that term.

Execution is "the fruit and end of the law," and any court which has rendered a judgment may become interested in seeing that the fruit is not turned to ashes. The court rendering the judgment is likely to have costs to protect. In this instance Bumgardner's attorney had an attorney's lien on the judgment against Halverstadt in the Sumner court, which the court did protect, and that court had undoubted jurisdiction to prevent its judgment from being rendered nugatory by having Halverstadt's liability improvidently discharged elsewhere.

A creditor's zeal to enforce payment of debts due him ought not to make him blind to discharge of the obligation to pay his own debts. In this instance justice would be promoted by a clearance of obligations concluded by passing over to Jester the net proceeds of Bumgardner's judgment against Halverstadt. What is it that, without a statute, and indeed in face of the garnishment statute of this state, prevents doing this manifest justice?

The first reason usually assigned is that Halverstadt would be subjected to double instead of single liability. Halverstadt himself had no difficulty in securing protection, and no judgment-debtor need remain in any embarrassment from garnishment. Two district courts have ample authority to relieve him.

The statute quoted above relates to garnishment in a district court, which in this state is the court of general jurisdiction, functioning according to a code of procedure which does not recognize the distinction in form between actions at law and suits in equity. The statute gives the court all the power of a court of equity to do justice and to protect the interests of all parties to a garnishment proceeding. A garnishee's answer that his indebtedness is upon a judgment rendered against him elsewhere, challenges the court to

exercise those powers and so proceed that the garnishee may be finally acquitted. Should the court exceed its authority or fail to measure up to any of the requirements of the statute, the aggrieved party may appeal.

The other court having authority to protect the garnishee from double liability is the court which rendered the judgment against him. The present case is illustrative. The garnishee resorted to that court. That court did just what the statute directs the court of garnishment to do. It protected the interests of all parties, recognized Jester's quasi lien acquired by virtue of the garnishment proceeding, sent the net proceeds of the fund in controversy to the Cowley court to be applied on the judgment there, acquitted Halverstadt of liability, and so did justice to all parties. One of them, feeling aggrieved, has exercised his privilege to appeal, as others, feeling aggrieved, might have done.

The result of the foregoing is that, under the procedure in this state, possibility of double liability of the garnishee is no obstacle to garnishment of a judgment-debtor of one district court by process issued from another district court.

The other objection to garnishment of a judgment-debtor is possibility of a clash between courts. In this instance, the Cowley district court has not acted. It so happens the same district judge presides over both courts, and no doubt his very just, and in view of the authorities, his very courageous action in the Sumner court, will appeal to him when he holds court in Cowley. Let it be supposed, however, that such were not the case, and that the Cowley court should undertake to ignore the action of the Sumner court. The principle would then apply that, as between courts of coequal authority, the one which first obtains jurisdiction will be permitted to exercise it.

Before Halverstadt applied to the Sumner court, both courts were quiescent. In Sumner, judgment had been rendered, no execution had been issued, and Halverstadt was simply liable to execution. In Cowley, Halverstadt had answered, but no action had been taken upon his answer, and he was simply liable to judgment upon his answer. With affairs in this situation, Halverstadt and Bumgardner set the Sumner court in motion, Jester appeared, and its action is conclusive. The judgment in the Cowley court will of course conform. If Halverstadt had applied to the Cowley court, that court would have restrained Bumgardner from issuing execu-

tion, and in rendering judgment would have protected the. costs and attorney's lien in Sumner. If nothing had been done in either court, and the cause in Cowley had proceeded to the point where the court was required to make an adjudication on the garnishee's answer, its authority would have attached, and it would have framed its judgment pursuant to the provisions of the garnishment statute.

A garnishee is always placed between two fires, and lack of diligence may cause him to be scorched by one or the other. He may, however, shield himself by such simple method that slight hardship to him should not outweigh the great benefit which the remedy by garnishment affords.

The foregoing could not apply as between justice of the peace courts, because of their limited powers; it could not apply as between state and federal courts, because they are governed by different systems of law; as indicated in the Sutton case, it could not apply as between courts of this state and of another state; and it is subject to the limitations noted in the opinion in *Keith v. Harris.*

It follows from what has been said that the judgment of the district court should be affirmed, and it is so ordered.