## SECURITY BUILDING & LOAN ASS'N v. WARD.

No. 26960. Nov. 9, 1937.

Abernathy & Howell, for plaintiff in error.

W. A. Ratterree, Leon C. Phillips, and J. Walter Long, Jr., for defendant in error.

RILEY, J. This is the second appeal in this case. The facts are stated in the opinion in the former appeal, Security Bldg. & Loan Ass'n v. Ward, 174 Okla. 238, 30 P. (2d) 651. That appeal was from a judgment sustaining Ward's motion to strike certain garnishment pleadings and to dissolve the garnishment for the reason that the claim sought to be garnisheed was the proceeds of a fire insurance policy on exempt household furniture. The judgment was reversed, with directions to determine the amount for which the insurance company, garnishee, was liable to defendant Ward under the policy, the value of the exempt property and the nonexempt property separately, and to divide the amount of recovery be-

tween the parties in proportion to the exempt and nonexempt property.

Pending retrial of the case below, Ward compromised his suit with the insurance company for $1,125, which sum was paid into court, and court cost in the sum of $30 was deducted therefrom.

On retrial to the court it was found and adjudged that the value of the nonexempt and exempt property was $250 and $1,863, respectively: that Phillips and Ratterree, attorneys, who had represented Ward against the insurance company, were entitled to $547.50, one-half the net recovery, in accordance with a contract antedating the garnishment proceeding; that Ward have judgment for his exempt portions in the sum of $482.73; and that the appellant have judgment for 250/2113ths of the recovery of Ward, the same amounting to $64.77.

To reverse this judgment, appellant urges two propositions, the second of which we consider first, namely, that under the evidence and the authorities the court erred in finding the above amounts and values of the exempt and nonexempt property.

The questions of what property was exempt and what was nonexempt and the values thereof were questions of fact. Under the oft-repeated rule of this court, the findings and judgment of the trial court on fact questions, reasonably supported by the evidence, will not be disturbed on appeal. McLaughlin v. State ex rel. Barnett, 175 Okla. 236, 51 P. (2d) 953; Chickasha Cotton Oil Co. v. Standard Lumber Co., 175 Okla. 15, 52 P. (2d) 816. Examination of the record discloses evidence complying with this rule.

Under its first proposition, appellant contends the court erred in allowing attorney fees to W. A. Ratterree and Leon Phillips, and that such judgment was not in accord with the directions of the opinion in the former appeal.

Ratterree and Phillips filed suit for Ward against the Baltimore American Insurance Company on or about March 18, 1931. Appellant filed this garnishment action August 3, 1932. Phillips and Ratterree did not intervene to establish their claim, but on behalf of Ward filed the above-mentioned motions to strike the pleadings and discharge the garnishment. They likewise represented Ward in this and the former appeal.

On the former trial, Ward testified without objection that he owed attorney fees on any sum that might be recovered from the insurance company. On trial of this case below Ward testified that an oral agreement for a 50 per cent. contingent fee was made prior to suit.

The former opinion, among other directions, provided, "* * * that the amount of the recovery be divided between the parties to this proceeding in proportion to the value of the exempt and nonexempt property. * * *" The trial court construed this direction as requiring a determination of Ward's net recovery from the insurance company. The court had before it the testimony of the former trial, introduced by Ward with appellant's approval, and the testimony of Ward concerning the contract. This disclosed that a portion of the money was due the attorneys under a contract antedating the garnishment proceeding. In determining Ward's net recovery the trial court properly considered the outstanding claim against defendant Ward.

Judgment affirmed.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.