Samuel H. Hofstadter, J.
The present motion by the plaintiff and the cross motion by his retiring attorney bring up for review two reports of Hon. Jacob Marks, Official Referee, with respect to the value of the services rendered by the retiring attorney to the plaintiff. The retiring attorney’s written retainer authorized him to take such action as he might deem proper to recover money or other property and fixed his compensation for advice and counsel “ and the institution of any suit or suits that may be deemed advisable ” at 33%% of any recovery, for which the attorney was to have his ‘ ‘ usual attorney’s lien.” The attorney brought an action in this court on behalf of the plaintiff for specific performance of an agreement of joint venture; after trial that action was dismissed and the attorney then brought the present action in quantum meruit. During the pendency of this latter action the plaintiff moved for a substitution of attorneys.
*810 By order of J anuary 25,1956, a new attorney was substituted in place of the retiring attorney and ‘1 the branch of the motion to fix the value of the services ” of the retiring attorney was referred to the Official Referee to hear and report with his recommendation. In a report dated March 26,1956, the Referee found that the value of the retiring attorney’s services in this action is $600 and stated further that if he were compensated for those services on a percentage basis he should have a lien of 5% of the plaintiff’s recovery in this action. The plaintiff moved to confirm and the retiring attorney to disaffirm the foregoing report and by order of April 24, 1956, the matter was rereferred to the Official Referee “ to take further testimony and to recommend as to the value of the services of the attorney in both suits on a fixed sum and on a percentage basis.” The Referee has now made a further report dated J anuary 23, 1957, in which he expresses the opinion that the value of the retiring attorney’s services in the first action on a fixed sum basis is $6,000 and on a percentage basis 16% of the amount of any settlement or recovery. The plaintiff now moves to disaffirm this report and again moves to confirm the March 26, 1956 report, while the retiring attorney, by cross motion asks the court to place on his services a value even higher than that found by the Official Referee.
It is not substantially disputed that the plaintiff is destitute and hence without means to make any present payment to the retiring attorney and that, whatever the disposition now made, the retiring attorney will, of necessity, have to look solely to the proceeds of this action for the payment of his compensation.
On the motions addressed to the report of March 26, 1956, which resulted in the order of rereferral, the parties argued only the constructiop of the written retainer, the plaintiff contending it was limited to the services in the first action and terminated on the dismissal of that action, while the retiring-attorney urged that it embraced all his services in enforcement of the plaintiff’s claim. The rereferral of necessity implied the adoption of the interpretation advocated by the retiring attorney. At that time the plaintiff did not take the position for which he now argues, that the retiring attorney may in no event have a lien for the services performed in the first action, because of its dismissal. Indeed, that argument does not seem to have been made even on the later hearing before the Official Referee. Obviously, when the court rereferred the matter it neither considered nor passed on this contention and hence must reject the suggestion of the retiring attorney that the *811 plaintiff is now concluded by a prior determination of this question.
The rule is that when an attorney retained on a contingent basis is discharged without cause he becomes entitled to payment for the services rendered to the time of the discharge. (Matter of Krooks, 257 N. Y. 329, 332-333; Matter of Tillman, 259 N. Y. 133, 135; Matter of Weitling, 266 N. Y. 184, 186.) When, as here, the client is not able to make payment, protection may be afforded the attorney by giving him a lien on the cause of action.
As already stated, the retiring attorney’s services in both actions were rendered pursuant to the original written retainer, which stated that he was to have his “ usual attorney’s lien.” Though a broader lien than the ordinary charging lien may be given an attorney by agreement (Williams v. Ingersoll, 89 N. Y. 508, 517; Matter of Heinsheimer, 214 N. Y. 361, 368; Brown v. Mayor, 11 Hun 21), since the agreement here speaks of the 1 ‘ usual ’ ’ lien, it may not be read to confer a more extensive charging lien than that given on the cause of action or claim by section 475 of the Judiciary Law. The plaintiff insists that, since the first action was dismissed, no lien may be allowed for the services in that action. This contention construes the lien too strictly, and narrowly. It loses sight of the clear nexus between the two actions and of the plain fact that in both the same underlying claim or cause of action is asserted and sought to be enforced. The case differs from those in which not alone has there been a dismissal but no action at all remains pending and hence there is nothing to which the lien can attach. That was the situation in some of the cases cited by the plaintiff. Here, however, the plaintiff has brought another action to recover on the very claim for the enforcement of which the retiring attorney was initially retained and all his services were rendered pursuant to that retainer and in the assertion of that one claim. This was in essence a continuing employment, and, realistically appraised, the rendition of a single body of services. Those performed in the first laid the ground work for the second action and, if the plaintiff is ultimately successful, will bear fruit for him in the later action. While the lien is not to be unduly enlarged, nevertheless in the light of its purpose to afford an attorney a reasonable measure of protection, it should not be so circumscribed as to defeat that purpose. To exclude the services in the first action from the lien here to be fixed would heedlessly and unfairly restrict the lien.
The court adopts the Referee’s findings in both reports of the value of the retiring attorney’s services.
*812 The plaintiff argues further that transactions between the retiring attorney and a third person by which the latter was given a participating interest in the attorney’s prospective compensation estops the latter from asserting a claim or lien for his services. No estoppel arises as matter of law and the efficacy or propriety of the transactions need not be passed upon on the present application. The plaintiff adduces no authority that such transactions forfeit the retiring attorney’s right to compensation. In the absence of such authority, I concur with the Official Referee that the transactions do not affect the plaintiff’s liability to the attorney.
The court confirms the reports of March 26,1956 and January 23, 1957 and finds that the value of the retiring attorney’s services on a fixed sum basis is $6,600 and on a percentage basis 21% of any settlement or recovery for which he may have a lien on the plaintiff’s cause of action. The retiring attorney’s retaining lien is not in question or affected by the present disposition. Insofar as the plaintiff or the retiring attorney moves to disaffirm either report their respective motions are denied. The retiring attorney will elect on the settlement of the order on which basis his compensation is to be fixed.
Settle order.