■ IRVING J. NEIMARK, Appellant, v. MALFA M. MARTIN et al., Respondents.— Action by an attorney, pursuant to section 475 of the Judiciary Law, against Malfa M. Martin, his former client, and Chester E. Pilner, her former husband (1st cause of action), and James and Charlene Azaretti, the owners of real property by mesne conveyance from Chester E. Pilner, and Peekskill Savings Bank, the holder of a mortgage on said property (2d cause of action). After trial before the Official Referee to whom the action was referred to hear and determine on the consent of the parties, a judgment was entered for $1,250 in favor of the attorney on the first cause of action and dismissing the second cause of action. The attorney appeals from so much of said judgment as limits his recovery on the first cause of action to $1,250 and as dismisses the second cause of action. The record establishes that appellant was retained by the respondent Martin to represent her in her marital difficulties with the respondent Pilner. Attorneys in Florida retained by appellant brought an action in that State on behalf of respondent Martin against respondent Pilner, resulting in a judgment in her favor whereby respondent Pilner was directed to convey certain real property in Peekskill, New York, to respondent Martin and to make certain payments to her. Among the payments which respondent Pilner was directed to make were $3,775 for temporary allowances theretofore made by the court, $75 a week for alimony and support and maintenance of the minor child of the parties, and $4,000 for attorneys' fees. Thereafter appellant, on behalf of respondent Martin, brought an action in this State on the Florida judgment against respondent Pilner. This action was settled by the parties thereto without the knowledge or consent of appellant. Judgment insofar as it is in favor of appellant on the first cause of action reversed, first cause of action severed and a new trial granted on that cause of action, with costs to abide the event. The new trial shall be had before the Official Referee to whom the action was referred to hear and determine on consent of the parties. Judgment insofar as it dismisses the second cause of action affirmed, without costs. The learned

Official Referee limited appellant's recovery to the value of his services rendered only in the action which resulted in a settlement, against the proceeds of which appellant seeks to impress a lien, said settlement having been made without his knowledge. There is no authority for such limitation in the statute. Appellant is entitled to a recovery, in this action, for the value of all services rendered by him pursuant to the original retainer (*Kodenski* v. *Baruch Oil Corp.*, 5 Misc 2d 809). The attorney's lien attaches to the client's cause of action, and any recovery thereon, albeit the recovery is effected in an action other than the action in which the services were rendered (*Matter of Lourie*, 254 App. Div. 555; *Morgan* v. *Drewry*, *S. A. R. L.*, 285 App. Div. 1). This is especially so where the recovery is in an action which is a logical sequence of a prior action in connection with which the services were rendered (*Matter of Falk*, 128 Misc. 856). However, on the new trial, the Referee should determine, in addition to the value of appellant's services, the total amount of the payment made in settlement and the portion thereof which represents payments on account of alimony, and whether the counsel fee of $4,000 directed to be paid by the Florida judgment was actually paid to the Florida attorneys. An attorney's lien does not attach to alimony payments (*Turner* v. *Woolworth*, 221 N. Y. 425), and there is no reason why the counsel fee should be paid twice. There was no allowance of interest in the judgment appealed from. This was error. The action arose out of a contract of retainer, and the amount of appellant's compensation was "governed by agreement, express or implied" (Judiciary Law, § 474). The judgment was based "upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied" and should have included interest (Civ. Prac. Act, § 480). "Interest begins to run on a claim for legal services based on *quantum meruit* from the date of the demand for payment" (*Matter of Noble*, 1 A D 2d 900, appeal dismissed 2 N Y 2d 725). The second cause of action was properly dismissed. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.