**852**

Howard B. SHOOK ex rel. Threadgill &
O'Donnell, Plaintiffs in Error,

v.

Clomer E. COOPER, d/b/a Cooper Dairy Sup-
ply, and W–P Milling Company, a corpo-
ration, Defendants in Error.

No. 40499.

Supreme Court of Oklahoma.

June 30, 1964.

Threadgill & O'Donnell, Tulsa, for plain-
tiffs in error.

Gable, Gotwals & Hays and Eugene A.
Hoefling, Tulsa, for defendant in error,
W-P Milling Co., a corp.

Eugene Carr, Tulsa, for defendant in
error, Clomer E. Cooper, d/b/a Cooper
Dairy Supply.

JOHNSON, Justice.

The facts briefly stated are: The law
firm of Threadgill and O'Donnell were em-
ployed June 15, 1962, by Howard B. Shook
to represent him in a claim against Beatrice
Food Company arising out of an account
upon a fifty percent contingent fee basis.
On the same day the attorneys filed in the
Court of Common Pleas of Tulsa County
the action asking for a recovery of an
estimated amount of $1,400.00 for mer-
chandise sold and delivered by Howard B.
Shook, plaintiff, to Beatrice Foods Com-
pany, defendant. On the front of the peti-
tion were the words "Attorney's Lien
Claimed." Service of process was made
on the defendant within ten days.

On June 19th, 1962, Clomer E. Cooper,
doing business as Cooper Dairy Supply, a

creditor of Shook, filed an action in the Court of Common Pleas of Tulsa County, Oklahoma, upon an open account against Shook as defendant for $789.13, with interest, costs and attorney fee, and on the same date caused a garnishment summons to be issued and served upon Beatrice Foods Company.

On the 22nd day of June, 1962, W-P Milling Company, a corporation, and a common creditor of Shook, filed in the District Court of Tulsa County, Oklahoma, an action against Shook and J. K. Hawthorne, doing business as Shook Farms, Gravette, Arkansas, upon account, praying judgment of $594.42 and costs, and on the same date caused garnishment summons to be issued and served upon Beatrice Foods Company.

Subsequently, the case of W-P Milling Company v. Shook and Hawthorne was transferred from the District Court to the Court of Common Pleas and thereafter, upon motion of Beatrice Foods Company, the three cases were consolidated. In the motion to consolidate, Beatrice Foods tendered the sum of $1,181.49, whereupon the court entered an order consolidating the cases, ordered the money paid in and further ordered, adjudged and decreed that the true and correct amount due was the sum of $1,181.49 and represented the price of milk Beatrice had purchased from Shook during the month of May, 1962. The court further discharged the Beatrice Foods Company from any further claims or liability in each of the three suits.

There was no objection made by any of the parties to this order.

We find in the journal entry of judgment, order fixing priorities and order of disbursements the following:

"That the plaintiff in case #61174, Howard B. Shook, and his claim in that cause are subject to the priorities created by the garnishments issued in cases #61219 and #61972. That the attorneys for said Howard B. Shook, who claim an attorney's lien upon Shook's cause of action, have no better standing than their client and that such attorneys therefore are subject to the priorities of the garnishors in cases #61219 and #61792 and said garnishments are prior in right to the lien asserted by said attorneys.

"The court further finds that the priorities as between the plaintiffs and garnishors in the cases #61219 and #61792 are determined by the priority of said garnishments in point of time, and that the garnishment issued in case #61219 first attached now, therefore, has priority over the garnishment in case #61792. The court further finds that an equitable division of said fund in the sum of $1,181.49 in the custody of the court, based upon the above and foregoing finding is as follows:

"Case No. 61219, 58%, Amount $685.26
"Case No. 61792, 42%, Amount $496.23
$1181.49."

On appeal the plaintiff contends the trial court erred in a plain question of law in its order and judgment fixing priorities and order of disbursement in that the court should have adjudged appellant's attorney's lien to be first and prior to the garnishment liens. With this contention we agree.

At the outset it may be stated that there is no contention made nor is there evidence to sustain a conclusion that fraud or misconduct was indulged in between attorney and client to defeat creditors.

5 O.S.1961 § 6 reads as follows:

"*From the commencement of an action*, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, *have a lien upon his client's cause of action* or counterclaim, and *same shall attach to any verdict, report, decision, finding or judgment in his client's favor*; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such

lien, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words 'Lien claimed.'"

In connection with this statute it will be observed that not only does the statute itself provide that the lien shall take effect from the commencement of the action, but decisions of this court have also so held. See Devine v. Pyanhunkah, 170 Okl. 178, 39 P.2d 132 and Wilkerson v. Walker, 196 Okl. 618, 167 P.2d 372.

■ The time at which the attorney's lien, if it existed, dates from the commencement of the action. That the commencement of the action pre-dated the garnishments is not in dispute.

■ It remains then to determine whether the subject matter involved was such that the lien could attach. It is the contention of the defendants in error that inasmuch as the plaintiff's claim was never reduced to judgment that the lien could not attach. With this contention we cannot agree. It should be noted that in addition to the lien attaching at the commencement of the action and set out supra that the statute specifically provides that the lien attaches to the "client's cause of action." That being true, it is in a sense a quasi assignment of the cause of action taking place at the beginning of the suit.

This phrase "client's cause of action" has been before the courts in other jurisdictions, if not in Oklahoma. In the Idaho case of Taylor v. Taylor, 33 Idaho 445, 196 P. 211, it was held to be broad enough to include a divorce case. The statute involved was similar in many particulars to our own. In the case of Dickinson v. Stiles, 246 U.S. 631, 38 S.Ct. 415, 62 L.Ed.

908, the court considered this particular phase in an attorney's lien statute. The second paragraph of the syllabus reads:

"State legislation which, like Minn. Gen.Stat.1913, § 4955, gives an attorney a lien for his fees upon his client's cause of action which is not defeated by the latter's settlement of the case, may be applied to a cause of action arising under the Federal Employers' Liability Act, this being an ordinary incident of state procedure which it was not the intention of Congress to exclude."

In the body of the opinion appears this language:

"* * * The whole case is simply that the State allows the attorney employed to collect a claim to be subrogated to the rights of the claimant so far as to secure the attorney's fees. We see no reason why it should not."

It must be remembered that at the time of the creation of this lien or this quasi assignment there were no other liens upon the cause of action. Therefore, the lien of the attorneys was the first lien thereon.

We are further impressed by the analogy between the case at bar and that of Gust. v. Van Court, 74 Okl. 81, 178 P. 683. In that case the claimed owners of a piece of land contracted with the attorney to recover the land for them agreeing to pay fifty percent of any land recovered for a fee. The suit was filed with the necessary lien endorsement on the petition. While the suit was pending, the plaintiffs executed an oil and gas lease on the property in which the attorney did not join. Subsequently after the suit had been successfully concluded for the plaintiffs, the question arose between the oil lessee and the attorney as to whether he took his interest subject to the lease. The case had never gone to judgment but was settled. The court held that the attorney's interest was not subject to the oil lease. We believe the positions of the garnishors herein to be analogous to that of the lessee in the cited

case.' The lessee could not acquire the lease free from the attorney's lien, neither can the creditors herein obtain a lien superior to that of the attorney. We so hold.

Reversed and remanded with directions to adjudge the attorney's lien prior to the garnishments involved.

The contention of defendants in error concerning the right of plaintiff in error to maintain this appeal has heretofore been disposed of by order of this court. We do not see fit to alter such order.

BLACKBIRD, C. J., and WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., dissents.