William J. BUTLER, Plaintiff,

v.

Hon. Phillips BRECKINRIDGE, Judge of the Court of Common Pleas of Tulsa County, Oklahoma, Jimmy K. Jones and Mortgage Clearing Corporation, an Oklahoma Corporation, Defendants.

No. 42359.

Supreme Court of Oklahoma.

Sept. 12, 1967.

Paul E. Garrison, Tulsa, for plaintiff.
Glen E. Michael, Tulsa, for defendants.

DAVISON, Justice.

This is an original proceeding in this court by William J. Butler for a writ prohibiting Phillips Breckinridge, Judge of the Court of Common Pleas, Division No. 3, of Tulsa County, Oklahoma, from vacating a garnishment in case No. 73976, William J. Butler v. Mortgage Clearing Corporation (defendant) and Farmers & Merchants Bank and Trust Company of Tulsa (garnishee), and to further prohibit said Judge from preventing collection of a judgment recovered by Butler in the case.

Jimmy K. Jones and Mortgage Clearing Corporation are defendants herein because of their interest in the outcome of this original action.

The pertinent facts giving rise to the present action are as follows:

On May 17, 1966, Butler filed suit (No. 73976) in Division No. 3 of the Common Pleas Court against Mortgage Clearing Corporation for $1442.60, with "Attorney's Lien Claim" endorsed on the petition. On September 27, 1966, Butler secured a judgment against Mortgage Clearing Corporation for the above amount with interest and costs. The fee and lien of Butler's attorney was 50% of the recovery. We will refer to this case as the "Butler Case."

On November 22, 1966, Jimmy K. Jones (who is president and chief executive officer of Mortgage Clearing Corporation) sued Butler and his wife in Division No. 1 of said Common Pleas Court, wherein Jones sought a judgment for $650.00 plus interest and attorney's fees upon a promissory note dated May 10, 1962, payable to one A. M. Brown and allegedly assigned by endorsement to Jones. Jones filed a garnishment affidavit and bond and had garnishment summons served upon Mortgage Clearing Corporation. In response to the garnishment summons Mortgage Clearing paid $1,000.00 to the court clerk on November 29, 1966. Butler filed a special appearance and motion to quash the garnishment. We will refer to this case as the "Jones Case." Mortgage Clearing also paid $500.00 into the court in the Butler case and this was later drawn down by Butler.

On December 13, 1966, after judgment became final in the Butler Case, Butler caused garnishment summons to be served upon the Farmers & Merchants Bank and Trust Company, and that concern filed its garnishee answer reflecting it held $1,022.-19 of funds belonging to Mortgage Clearing. Mortgage Clearing moved to discharge this garnishment on the ground that it had deposited $1000 in the Jones Case. Later, Butler applied for an order directing the Farmers & Merchants Bank to pay the money it held into court.

On December 29, 1966, in the Jones Case, Butler's motion to quash the garnishment summons served on Mortgage Clearing was sustained on the ground that the garnishment bond was defective. Jones filed a new garnishment bond and had a new garnishment summons served on Mortgage Clearing, and that concern filed answer that it had previously paid $1000 into the court pursuant to the first garnishment.

Upon presentation of the above described motions, in the Butler Case, Judge Breckinridge announced that he would, unless prohibited, sustain the motion of Mortgage Clearing to discharge the garnishee (Farmers & Merchants Bank) and deny the application of Butler to require such garnishee to pay into court the sum it admitted owing to Mortgage Clearing. Butler then instituted the present action in this court.

Admittedly, the first effort to effect a charge or lien upon the judgment debt owed by Mortgage Clearing was by the garnishment issued in the Jones Case. However, this garnishment was quashed because of a defect in the garnishment bond. Jones did not seek to perfect the bond by amending the same (St. Monica's Hospital v. Kirkpatrick, 199 Okl. 187, 185 P.2d 179), and filed a new garnishment bond and caused a new garnishment summons to be issued and served upon Mortgage Clearing.

■ In this State a garnishment is a species of attachment. Public Finance Co. v. Jump, 192 Okl. 368, 136 P.2d 706.

In First Nat. Bank of Duncan v. Wallace, 191 Okl. 105, 127 P.2d 156, we held that, as to attachment, the general rule is that an order dissolving the attachment is a final adjudication of all questions arising in the attachment proceedings unless an appeal therefrom is taken in due time.

■ An order quashing a garnishment proceeding terminates the proceeding and effectually and conclusively destroys the

right secured by the garnishment, and releases the property garnisheed, discharges the garnishment lien thereon, and entitles the garnishee to possession thereof, or, in the case of money paid into court, to a return thereof. 38 C.J.S. Garnishment, § 273, and 6 Am.Jur.2d, Attachment and Garnishment, §§ 443 and 444.

■ Under these rules of law the first garnishment in the Jones Case was terminated and the lien Jones had procured by virtue thereof was discharged, and Mortgage Clearing was entitled to a return of the money it had paid into court.

As reflected above, the garnishment in the Butler Case was issued, served and was effective to impress a lien upon the account of Mortgage Clearing in the Farmers & Merchants Bank prior to the new garnishment in the Jones Case. Mortgage Clearing was then presented with a situation where it was liable to forced payment of its judgment debt in the Butler Case and also a potential liability to pay the same judgment debt as garnishee in the Jones Case. Clearly it should not be required to pay the debt more than once.

We point out that both cases are in the same Common Pleas Court and the fact that they are in different divisions of that court does not alter that fact. Consequently, we are not faced with those questions or problems arising from courts of different jurisdictions or even of courts with coordinate jurisdiction.

As between the two existing garnishments the one in the Butler Case was first in point of time. Furthermore, the judgment was rendered in the Butler case. It is the case in which the plaintiff's attorney earned his attorney fee and right to share in the proceeds of the judgment, and in which the court will determine whether all court costs, interest and the principal amount of the judgment have been paid, to the end that the interests of all parties will be protected and Mortgage Clearing receive a release from its liability by reason of such judgment.

We are cited to no case or authority presenting all of the circumstances involved in the present case. In 38 C.J.S. Garnishment § 190, p. 421, it is stated:

"Where a judgment is garnished, the court must exercise its powers and so proceed that the garnishee may be finally acquitted. The garnishee may resort to the court which rendered the judgment garnished and, when he does so, it should protect the interests of all the parties."

Cited in support of the above statement is Bumgardner v. Halverstadt, 115 Kan. 124, 222 P. 762, in which a judgment debtor was garnished in another district court of coequal authority with the district court in which judgment was rendered against him. He applied to the latter court for instructions and protection against double liability on the judgment and garnishment. The court directed that the money be paid to its clerk, which was done. The judgment creditor prayed that the money be applied on the judgment and the garnishor appeared and objected to such application. The court denied the application, determined and protected the attorney's lien of the attorneys for the judgment creditor, directed the clerk to remit the balance of the money to the other district court that issued the garnishment, and discharged the judgment debtor from further liability. The decision held that the lower court had jurisdiction in the matter and that its action was proper and authorized by a Kansas statute that was practically identical to 12 O.S.Supp. 1965, § 1182.

Said § 1182 provides in part that the proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and that all the provisions for enforcing judgment shall be applicable thereto, and as follows:

"* * * The court shall render such judgment in all cases *as shall be just to all the parties, and properly protect their respective interests, and may adjudge the*

*recovery of any indebtedness,* the conveyance, transfer or delivery to the sheriff, or any officer appointed by the judgment, of any real estate or personal property disclosed or *found to be liable to be applied to the plaintiff's demand,* or by the judgment pass the title thereto; and may therein, or by its order when proper, direct the manner of making sale and of disposing of the proceeds thereof, or of any *money* or other things paid over or delivered to the *clerk* or officer. The judgment against a garnishee *shall acquit and discharge from all demands by the defendant* or his representatives for all *moneys,* goods, effects, or credits paid, *delivered or accounted for by the garnishee* by force of such judgment; * * *." (Emphasis ours.)

■ Under the provisions of 12 O.S. Supp. 1965, § 1181, Mortgage Clearing, as defendant in the Butler Case, was entitled, inter alia, to participate and defend in the proceedings against the garnishee (Farmers & Merchants Bank) upon the ground that the indebtedness of the garnishee was exempt, or for any other reason was not liable to garnishment, to the end that his interests be protected.

Furthermore, in Woods v. Amulco Products, 205 Okl. 34, 235 P.2d 273, it is stated that a garnishment is in effect an attachment and that service of garnishment summons upon a third person, as garnishee, brought the property or money held by him and belonging to or owing to the defendant into the custody of the court as though the officers had taken actual possession of it, and that the property remained in the hands of the garnishee as trustee subject to whatever right or interest he might have therein.

■ Under the cited statutes and authorities and the circumstances the Butler Case furnished to Mortgage Clearing a forum for determination of its rights and liabilities as judgment debtor therein and as garnishee in the Jones Case. Likewise, the Butler Case provided the forum for a determination of the disposition to be made of the proceeds of Butler's prior garnishment of the funds of Mortgage Clearing in the hands of Farmers & Merchants Bank, including payment of any attorney's fees found to be due to Butler's attorneys by virtue of their attorneys' lien upon the judgment rendered in the Butler Case.

Our statute, 5 O.S.1961, § 6, provides, inter alia, that from the commencement of the action, the attorney filing the same shall have a lien upon his client's cause of action, "and same shall attach to any verdict, report, decision, finding or judgment in his client's favor; *and the proceeds thereof, wherever found, shall be subject to such lien,*" (emphasis ours) by endorsing upon the petition his name, together with the words "Lien claimed."

■ Butler states herein, and there is no denial, that "Attorney's Lien Claim" was endorsed on the face of the petition when it was filed in the Butler Case.

In Shook v. Cooper, Okl., 393 P.2d 852, we stated:

"Where an attorney files suit upon an open account and endorses 'lien claimed' upon the petition as required by statute, the lien so claimed is prior to that of the garnisheeing creditors who have garnisheed the defendant subsequent to the filing of the suit. * * *"

See also Security Building & Loan Ass'n v. Ward, 181 Okl. 217, 73 P.2d 459.

It is our conclusion that the attorney's fee of Butler's attorney is a lien upon the judgment in the Butler Case and the proceeds thereof and such lien is prior to that of the garnisheeing creditor (Jones) who garnished the judgment debtor (Mortgage Clearing). It is again pointed out that both the Butler Case and the Jones Case are in the same Common Pleas Court and that the clerk of that court performs that function in both cases. The court clerk received and has possession of $1000 which was paid to him by Mortgage Clearing because of its liability as a judgment debtor in the Butler Case. It is clear to us that

said sum constitutes the proceeds of such judgment.

Defendants herein urge that the payment by Mortgage Clearing of $500 into court in the Butler Case and $1000 into court in the Jones Case constituted a discharge of its obligation as a judgment debtor and as a garnishee. This appears to be the grounds given by Judge Breckinridge for his announced intention to vacate the garnishment of Farmers & Merchants Bank and to deny Butler's motion to require that concern to pay those garnished funds into court. Defendants herein rely on 12 O.S. Supp.1965, § 1184, providing that where the answer of the garnishee reflects that some person, other than the defendant, claims the indebtedness or property in his hands, such person may be interpleaded as a defendant and garnishee may then pay or deliver the same to the (court) clerk and be discharged from all liability to that extent. We have some doubt as to whether such statute may be applied to the existing situation inasmuch as no garnishee answer reflects a claim by a third person and the controversy arises from the present unusual circumstances. Our disposition of this matter removes any need to determine this legal proposition.

■ Under 12 O.S.Supp.1965, §§ 1182, supra, the court is required to render such judgment *in all cases* as shall be just to all parties, and properly protect their interests. It was therefore incumbent upon the court (Judge Breckinridge) to render a judgment determining the fee of Butler's attorney and directing payment thereof from the proceeds of the judgment above described; determining whether the sums paid into court by Mortgage Clearing equal the amount due upon its judgment debt, and if so, then discharging it from further liability on the judgment; and directing that the balance of such deposited funds, remaining after payment of the attorney fee, be held by the court clerk to await the outcome of the Jones Case. The court may then va-

cate the garnishment of the Farmers & Merchants Bank, since clearly Mortgage Clearing should be liable for no more than the amount of its judgment debt.

Defendants urge that Butler has a right of appeal from any adverse ruling of Judge Breckinridge and that is an adequate remedy.

■ Under Section 2, Article 7, of the Constitution the Supreme Court is given jurisdiction to exercise a general superintending control over all inferior courts, and this jurisdiction is a separate and distinct grant from its appellate jurisdiction. Richardson v. Smith, Okl., 394 P.2d 480.

■ This power of superintending control is exercised by use of writs of prohibition, mandamus and certiorari, as well as by other writs, and the exercise of this power rests in the sound discretion of the court. Board of Com'rs of Harmon County v. Keen, 194 Okl. 593, 153 P.2d 483, 485.

■ It is recognized that prohibition is not a writ of right, but one of sound discretion, to be granted or withheld, by the court exercising supervisory control, according to the nature and circumstances of each particular case. We have held that the writ will not be withheld because other concurrent remedies exist, if it does not appear that such remedies are equally advantageous and convenient. Jones v. Pugh, 130 Okl. 291, 267 P. 272, 273.

In the present situation the Common Pleas Court, Division No. 3, over which Judge Breckinridge presides, is vested with the jurisdiction and the authority to hear and determine those matters and things above enumerated. Both Butler and his attorney are entitled to a determination of the disposition to be made of the funds paid to the court clerk and the payment without delay of the attorney fee of Butler's attorney.

■ Under the circumstances we are of the opinion that Butler's remedy by appeal is not speedy and adequate and the writ should issue with directions to proceed

in accordance with the views herein expressed.

Writ of prohibition granted with directions.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.