■ EILEEN MILLER, Respondent, v A. ANTHONY MILLER, Appellant.— The appeals are from (1) an order of protection of the Family Court, Nassau County, entered October 27, 1978, which, *inter alia,* directed the appellant not to engage in any acts of disorderly conduct towards the petitioner and (2) a further order (appeal by permission) of the same court, entered December 28, 1978, which denied appellant's motion to vacate the order of protection. Orders affirmed, without costs or disbursements. The parties should dispose of their matrimonial difficulties in the pending Supreme Court action. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.

■ MARY NEWTON et al., Respondents, v MAX SIEGEL et al., Appellants. —In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an interlocutory judgment of the Supreme Court, Queens County, entered June 9, 1978, which is in favor of plaintiffs and against them, after a jury trial, limited to the issue of liability only. Interlocutory judgment reversed and new trial ordered, with costs to abide the event. In our opinion the finding of liability on the part of the defendants was contrary to the weight of the evidence. O'Connor, J. P., Shapiro and Cohalan, JJ., concur.

Rabin and Mangano, JJ., dissent and vote to affirm the interlocutory judgment.

■ RUSSO LAWRENCE & CIOVACCO, P. C., Appellant, v SCHNEIDER FABRICS, INC., Respondent.—In a proceeding pursuant to section 475 of the Judiciary Law, *inter alia,* to establish an attorney's lien, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered December 12, 1978, which fixed the petitioner's lien in the amount of $28,700, without interest, and declined to award a personal judgment in petitioner's favor in the amount of the lien. Judgment modified, on the law, by deleting therefrom the provision that interest is not allowed and substituting therefor a provision granting interest from November 24, 1976. As so modified, judgment affirmed, without costs or disbursements (see *Brent v Keesler,* 32 Ad2d 804, 805; *Neimark v Martin,* 7 AD2d 934, 935). Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.