2006 OK CIV APP 104

### James GIBBS, Plaintiff/Appellee,

v.

### GEICO GENERAL INSURANCE COMPANY, Defendant/Appellee,

v.

### Donald E. Cummings, Intervenor/Appellant.

### No. 102,285.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 22, 2006.

---

James K. Secrest, II, Richard C. Honn, Don W. Danz, Secrest, Hill & Butler, Tulsa, OK, for Defendant/Appellee.

Donald E. Cummings, Tulsa, OK, for Intervenor/Appellant pro se.

Opinion by DOUG GABBARD II, Presiding Judge.

¶1 Intervenor Donald E. Cummings appeals the trial court's denial of his motion to intervene for the purpose of claiming an attorney's lien in proceeds arising out of the settlement of a lawsuit by Plaintiff James Gibbs against his uninsured/under-insured (UM) motorist insurance carrier Geico. Geico has deposited the settlement proceeds with the district court clerk and has disclaimed any interest in this appellate controversy. After reviewing the allegations and the law, we reverse and remand with instructions.

## BACKGROUND

¶2 On April 18, 2003, Plaintiff hired Cummings to represent him in a personal injury tort action against Darrell Bullard. The parties executed a written contingent fee contract. Over the next 11 months, Cummings allegedly conducted extensive discovery, amassed over 600 pages of documents, and, on February 29, 2004, filed a personal injury suit against Bullard. On the face of this petition, Cummings claimed an attorney's lien. Two weeks after filing the lawsuit, Cummings successfully recovered $30,000 from Bullard's liability insurance carrier. This amount represented the policy limits of Bullard's insurance contract. A few days later, on March 17, 2004, Cummings made a 36 O.S.2001 § 3636 demand on Plaintiff's UM carrier, Geico, for payment of his $10,000 policy limit.

¶3 On April 8, Plaintiff notified Cummings that he could handle the UM matter himself, and discharged Cummings. A few days later, Plaintiff employed attorney Edwin Ash. At Ash's request, Cummings provided Ash with a copy of his entire file. On April 26, 2004, Ash filed suit on Plaintiff's behalf against Geico. Less than two months later,

Edwin W. Ash, The Ash Law Firm, Tulsa, OK, for Plaintiff/Appellee.

Plaintiff settled the Geico case and Geico tendered the settlement funds for payment into court. Cummings filed a motion to intervene for the purpose of asserting his attorney's lien against the $8,500 settlement proceeds. After a hearing on the motion, the trial court ruled that Cummings had no attorney's lien in the new lawsuit and, thus, was not entitled to intervene. The trial court indicated that Cummings' only relief was in a separate suit for breach of contract. Cummings appeals.

## STANDARD OF REVIEW

¶4 Where the basis for a trial court's action lies in the interpretation of a statute as applied to undisputed facts, the issue presented is a question of law. See *Nicholas v. Morgan*, 2002 OK 88, ¶8, 58 P.3d 775, 778. In the present case, the facts underlying Cummings' claim of an attorney's lien and his right to intervene are undisputed. We review questions of law pursuant to a *de novo*, or non-deferential, standard of review. "(I)ssues of law are reviewed *de novo* and an appellate court has plenary, independent and non-deferential authority to reexamine a trial court's legal rulings." *Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶4, 11 P.3d 162, 166.

## ANALYSIS

¶5 Oklahoma law provides that an attorney may perfect a lien for the payment of attorney's fees in the manner provided by 5 O.S.2001 § 6, which provides:

From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his clients' *cause of action* or counterclaim, and *same shall attach to any verdict, report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien*, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof, and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words "Lien claimed." (Emphasis added).

■ ¶6 Indisputably, Cummings properly perfected an attorney's lien by endorsing the words "ATTORNEY LIEN CLAIMED" on the face of the first petition. That lien attached to Gibbs' "cause of action." A cause of action has been defined as a group of operative facts giving use to one or more bases for suing; a factual situation entitling one person to obtain a remedy in court from another person. *Black's Law Dictionary* 214 (7th ed.1999). In this case, there was but one cause of action, the personal injury event, that entitled Gibbs to recover against both the tortfeasor and his own insurance company. Cummings' attorney's lien attached to funds arising from both lawsuits.

¶7 In *Edwards v. Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.*, 1982 OK 72, 650 P.2d 857, attorneys represented the plaintiff in four civil actions in several states against the same defendant. The actions were later settled and a compromise reached. Later, the plaintiff retained another law firm to file another action to enforce the settlement agreement. Eventually, monies were paid into that later court case pursuant to that settlement. The attorneys claimed a lien on this fund. The plaintiff argued that what is now 5 O.S.2001 § 6 did not grant the attorneys a lien as to the proceeds collected by this last lawsuit. The Oklahoma Supreme Court disagreed:

"There is no authority for such a limitation in the statute. Appellant is entitled to a recovery, in this action, for the value of all services rendered by him pursuant to his original retainer. The attorney's lien attaches to the client's cause of action, and any recovery thereon, *albeit the recovery is effected in an action other than the action in which the services were rendered. This is especially so where the recovery is*

*an action which is a logical sequence of a prior action in connection with which the services were rendered."*

*Id.* at ¶ 18, 650 P.2d at 862, quoting *Neimark v. Martin,* 183 N.Y.S.2d 812, 7 A.D.2d 934 (1959) (emphasis added); *see also Devine v. Pyanhunkah,* 1934 OK 764, 39 P.2d 132.

■ ¶ 8 In this case, the UM claim was a logical sequence of the prior action against the tortfeasor. Therefore, we find that Cummings had a valid and enforceable charging lien in the settlement proceeds of this lawsuit. We also find that such lien, if not destroyed or released, is prior to any claim or lien of Gibbs' present attorney. *See Shook v. Cooper,* 1964 OK 145, 393 P.2d 852; *Sec. Bldg. & Loan Ass'n v. Ward,* 1937 OK 650, 73 P.2d 459.

■ ¶ 9 We further find that Cummings had a sufficient "interest" in the settlement proceeds to authorize his intervention by right in the lawsuit. 12 O.S. Supp.2005 § 2024(A). Consequently, the trial court erred as a matter of law in denying the motion to intervene and in finding that Cummings could not enforce his claimed attorney's lien as to these settlement proceeds.

## CONCLUSION

¶ 10 For the reasons set forth above, the trial court's order is reversed and remanded with instructions that the trial court grant Cummings' motion to intervene, expeditiously conduct a hearing on the amount of attorney's fees due Cummings, and impose a constructive trust in his favor on any settlement proceeds already distributed to Plaintiff or his present attorney, Edwin Ash. However, by this order, we do not foreclose Plaintiff's right to contest the amount of attorney's fees claimed by Cummings.

¶ 11 REVERSED AND REMANDED WITH INSTRUCTIONS.

RAPP, V.C.J., and REIF, J., concur.