WILLIAM JACKSON, Plaintiff, *v.* CITY OF NEW YORK, Defendant. HARRY WODOWITZ, Petitioner.

Supreme Court, Special Term, New York County, November 18, 1943.

*Harry Wodowitz,* petitioner in person, and *Sidney J. Felten-stein* for plaintiff.

*Herbert A. McDavitt* for Lumber Mutual Casualty Insurance Company of New York, lienor.

*Ignatius M. Wilkinson, Corporation Counsel (Frank J. Horan* of counsel), for defendant.

NULL, J. The petitioner, plaintiff's attorney, has applied for an order, pursuant to section 475 of the Judiciary Law to determine and enforce his lien for services rendered in this action. Plaintiff, a garage employee, was injured in the course of his employment. Suit was instituted in this court against the defendant for damages resulting from injuries sustained by him. A verdict, after trial before the court and a jury, was rendered in favor of the plaintiff in the sum of $7,500. In the interim, substantial payments in excess of this amount had been made to and on behalf of the plaintiff by the compensation insurance carrier, pursuant to the Workmen's Compensation Law.

The sole question presented by the motion is whether this court is empowered to act in relation to the lien of an attorney upon the proceeds of a judgment entered in this court in an action derived from the provisions of section 29 of the Workmen's Compensation Law.

Section 475 of the Judiciary Law provides that an attorney shall have a lien upon his client's cause of action which shall attach to the proceeds of any verdict or judgment in his favor. The court is vested with jurisdiction summarily to determine and enforce the lien upon the petition of the attorney or the client. The statutory lien thus created constitutes no innovation in our law. Imbedded in the precepts of the common law was the right of an attorney to be secured in the compensation for his services. (*Goodrich* v. *McDonald,* 112 N. Y. 157; *Robinson* v. *Rogers,* 237 N. Y. 467.) The lien created by statute is merely an extension of the common-law charging lien. (*Matter of Sebring,* 238 App. Div. 281.)

It is, nevertheless, urged by the compensation insurance carrier, as well as by the defendant, that the Industrial Board of the Department of Labor, and not this court, is the tribunal which is empowered to fix the compensation of the petitioner. It is asserted that this court is precluded from a determination of this application by virtue of the provisions of section 29 of the Workmen's Compensation Law and section 27 of the Labor Law. Subdivision 1 of section 29 of the Workmen's Compensation Law confers upon an employee who has been injured in the course of his employment, the right to pursue his legal remedy against a third party without prejudice to his acceptance of compensation and other benefits payable to him by virtue of the provisions of the statute. In that event, however, the compensation insurance carrier is granted a lien upon the proceeds of any recovery in such an action, to the extent of the payments made to and on behalf of the injured employee, " after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery ". It is asserted that the action is one authorized under the Workmen's Compensation Law and that the disposition of the proceeds resulting therefrom is vested in the Industrial Board, which alone is empowered under section 27 of the Labor Law to determine claims arising out of compensation proceedings.

The third party action, however, is not to be regarded as a mere incident in the claim for compensation benefits. It is a right of action available to the injured employee, at his own election and, although he is required to account for the proceeds of any recovery, he is free to conduct the suit as in the ordinary right of action. Among other things, the injured employee may engage an attorney of his own choosing and select the forum for the institution of the action, unrestrained by the compensa-

tion insurance carrier or by the Industrial Board. The restriction upon the injured employee in the third party action relates not to the conduct of the action itself, but rather to the disposition of the proceeds which may result from such action. Insofar as it is prosecuted in this court, the third party action is independent of the proceedings under the Workmen's Compensation Law and wholly unrelated to them.

Consequently, I am unable to accept the contention that the provisions of the Workmen's Compensation Law and the Labor Law have rendered section 475 of the Judiciary Law inapplicable to this action. The interest of the compensation insurance carrier is subordinate to the lien of plaintiff's attorney for his compensation for services in this action. That there may be other reasonable and necessary expenditures properly determinable by the Industrial Board offers no sound reason for the court to divest itself of the jurisdiction to examine into and make suitable directions relating to the compensation of an attorney in an action prosecuted to judgment in its own forum.

Section 27 of the Labor Law, which empowers the Industrial Board to approve attorney's fees under the Workmen's Compensation Law, applies solely to claims relating to awards for compensation benefits. The authority of the Industrial Board does not extend to actions prosecuted under the process of this court. Nor do I construe the concluding sentence in the opinion of the Court of Appeals in *Matter of Curtin* v. *City of New York* (287 N. Y. 338) as determinative of the question here considered.

The action was instituted and tried in this court. The recovery to which plaintiff's attorney seeks to attach his lien is embodied in a judgment of this court. The power to determine and enforce that lien lies clearly within the province of this court.

The application is granted. The petitioner's lien is fixed at 35% of the amount of the judgment, subject to the payment of costs due to the defendant. Settle order on notice to the defendant and the compensation insurance carrier.