Rose Ozorowski, Plaintiff, *v.* Stanley Pawloski, Defendant.

County Court, Montgomery County, March 14, 1955.

*George T. Heffernan*, petitioner in person.

*John A. Kosinski* and *John A. Kosinski, Jr.*, for defendant.

KNIGHT, J. This is an application on a show cause order by the attorney for the plaintiff to fix his fee and to impress a lien therefor. The order to show cause was made returnable at the term at which the case was reached for trial.

The defendant opposed the motion and contends among other things that the defendant is a necessary party, that the court lacks jurisdiction, that section 475 of the Judiciary Law is inapplicable and that the lien is limited to the proceeds of the settlement.

The plaintiff brought this action in County Court to recover damages for personal injuries resulting from an automobile accident. On the call calendar at the opening of court the plaintiff's attorney announced the case ready for trial. It was placed upon the day calendar. Just before it was reached for trial, the defendant's attorney announced the case had been settled between the parties without his knowledge and that the defendant had paid the plaintiff the sum of $300 and the plaintiff had executed a receipt or release to the defendant. Neither attorney participated in or knew such settlement had been made until the case was reached on the day calendar. Plaintiff's attorney has received no compensation for his services or disbursements and his client is financially irresponsible. None of the foregoing facts are contradicted or disputed by the defendant.

The question posed is whether an attorney may be deprived of his just compensation by means of a private settlement between the parties during the pendency of an action. I think not.

The defendant objects to the remedy adopted by the plaintiff's attorney to recover the compensation due him. It is true that there are many remedies available to an attorney to recover his compensation (*Citizen's Bank of White Plains* v. *Oglesby,* 270 App. Div. 136). However, they are not exclusive but cumulative (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492). This proceeding was properly instituted upon a petition by plaintiff's attorney and this court may determine and enforce a charging lien (Judiciary Law, § 475).

An attorney at common law was protected by two kinds of liens, a retaining lien on all papers in his possession and a charging lien on the fund or judgment recovered through his efforts. The charging lien " was a device invented by the courts for the protection of attorneys against the knavery of their clients, by disabling clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained." (*Goodrich* v. *McDonald,* 112 N. Y. 157, 163.)

Plaintiff's attorney acquired a lien upon the amount of the settlement which may not be defeated by the payment thereof to his client. It was the duty of the defendant to ascertain the amount due the attorney and to retain it for him. Failure to do so renders him liable for the value of the services and disbursements of his opponent's attorney for the law " conclusively assumes (he) has retained sufficient to pay the sum which the plaintiff was entitled to receive." (*Sargent* v. *McLeod,* 209 N. Y. 360, 365.)

This court having jurisdiction of the action, has jurisdiction of any motions pertaining thereto. Courts have inherent power over pending litigation brought within their jurisdiction including matters which may come to the equity side of the court and including the right to establish and enforce the liens of attorneys who are their officers and under their control. " The parties being in court, and a suit commenced and pending, for the purpose of protecting attorneys who were their officers and subject to their control, the courts invented this practice and assumed this extraordinary power to defeat attempts to cheat the attorneys out of their costs." (*Coughlin* v. *New York Central & H. R. R. R. Co.,* 71 N. Y. 443, 448; *Frear* v. *Lewis,* 201 App. Div. 660; *Citizens' Bank* v. *Oglesby, supra.*)

The parties to this action are all in court and this court has jurisdiction of the action and of the proceeding to summarily fix the fee of the plaintiff's attorney and to establish and enforce his lien (*Smith* v. *Young*, 192 Misc. 897; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, *supra; Jackson* v. *City of New York*, 182 Misc. 686), and I find as follows: 1. That a clandestine settlement of the within cause of action was made by the defendant with the plaintiff for the sum of $300 without the knowledge of the defendant's attorney. 2. That the plaintiff is financially irresponsible. 3. That plaintiff's attorney, George T. Heffernan, had a retainer by the terms of which he was to receive for his services and disbursements a sum amounting to 33⅓% of the amount of any judgment or settlement, and that the lien of the plaintiff's attorney amounts to the sum of $100. 4. In the event that the defendant fails to pay said sum of $100 within ten days after the service of the order to be entered hereon, judgment may be entered in this action for the sum of $100, with costs in favor of the plaintiff Rose Ozorowski, and against the defendant Stanley Pawloski, for the benefit of the plaintiff's attorney. 5. That the plaintiff Rose Ozorowski, be and she hereby is restrained from executing any document which would in anywise affect the collection of the judgment by the plaintiff's attorney. 6. That execution may issue for the enforcement of the judgment as in any tort judgment.

An order may be entered accordingly.