Sarah Beatrice **PERKINS**, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

No. CIV–76–0055–D.

United States District Court,
W. D. Oklahoma.

May 10, 1976.

See also D.C., 76 F.R.D. 593.

Mike Tesio, Jr., M. Joe Crosthwait, Jr., Midwest City, Okl., for plaintiff.

Donald E. Jose, Trial Atty., Washington, D. C., David L. Russell, U. S. Atty. by John E. Green, Susie Pritchett, O. B. Johnston, III, and Ronnie Pyle, Asst. U. S. Attys., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff seeks to recover damages for personal injuries from the United States. Plaintiff's damages were allegedly sustained as a result of the malpractice of a physician employed by the United States acting within the scope of his employment. Jurisdiction is pursuant to 28 U.S.C. § 1346 and § 2671. Plaintiff alleges that on June 30, 1972 she was admitted to the Tinker Air Force Base Hospital for medical treatment; that on July 11, 1972 she underwent a diagnostic procedure called the "Bernstein Test"; that Defendant's agents and employees failed to use due care in the administration of this test; and that as a result of their failure to use due care she sustained personal injuries.

Defendant has filed herein a Motion to Dismiss in which it asserts, (1) the Court lacks jurisdiction because the action was not commenced within the time prescribed by 28 U.S.C. § 2401(b) and (2) the action is barred by the time limit prescribed by 28 U.S.C. § 2401(b) because Plaintiff failed to

present her claim to the appropriate Federal agency within two years after the claim accrued. Defendant's Motion is supported by evidentiary materials.

28 U.S.C. § 2401(b) reads:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Thus, there are two time limitations on the prosecution of a tort claim against the United States, (1) the claim must be presented to the appropriate agency within two years after accrual; and (2) if the claim is denied, a civil action based on the alleged wrong must be brought within six months of the date of mailing such denial. Defendant's Motion would appear on its face to be directed to both of these requirements. However, its argument is based solely upon Plaintiff's alleged failure to file a claim with the appropriate agency within two years after accrual.

The requirement of filing a claim with the appropriate agency would appear to be in the nature of a statute of limitations rather than a built in time bar to jurisdiction. Therefore, consideration of Defendant's Motion under Rule 12(b)(1), Federal Rules of Civil Procedure would be improper. Nor would consideration of the Motion Under Rule 12(b)(6), Federal Rules of Civil Procedure be proper because limitations is a matter of defense rather than an element of a claim. However, because Defendant has filed evidentiary materials in support of its Motion, and because Plaintiff has responded to Defendant's Motion as though it were a Motion for Summary Judgment, the Court will treat the pending Motion as a Rule 56 Federal Rules of Civil Procedure Motion for Summary Judgment. Rule 12(b), Federal Rules of Civil Procedure. A litigant may properly assert the defense of limitations through a Motion for Summary Judgment. 10 Federal Practice and Procedure, Wright and Miller § 2723.

Federal law governs the determination of when a malpractice claim against the United States accrues. Under Federal law a medical malpractice claim accrues when the claimant discovered or in the exercise of reasonable diligence should have discovered, the act of malpractice upon which his claim is based. *Jordan v. United States,* 503 F.2d 620 (Sixth Cir. 1974); *Tyminski v. United States,* 481 F.2d 257 (Third Cir. 1973); *Quinton v. United States,* 304 F.2d 234 (Fifth Cir. 1962). The determination of date of accrual is a question of fact for the trier of facts. *Ciccarone v. United States,* 486 F.2d 253 (Third Cir. 1973). Implicit in the *discovery* rule is the requirement that the claimant must have received some information, either through acts witnessed or statements heard, or a combination of both, which should reasonably indicate to him, when interpreted in light of all of the circumstances, that his injury was the result of an act of malpractice. *Jordan v. United States, supra.* Also because it would be unreasonable to expect a claimant to interrupt a beneficial course of treatment by the service of process upon his physician, a claim for malpractice does not accrues so long as the Plaintiff is under "continuous treatment" for the ailment in the treatment of which the malpractice occurred, or for the injury resulting from the malpractice itself. *Kossick v. United States,* 330 F.2d 933 (Second Cir. 1964); *Accardi v. United States,* 356 F.Supp. 218 (S.D.N.Y.1973).

Plaintiff states in her brief that the "Bernstein Test" is a diagnostic procedure by which a hydrochloric acid solution is dripped into the esophagus to determine whether a patient's pain is attributable to a myocardial infarction or a hiatal hernia. It is apparently Plaintiff's theory that the acid used in performing this test on her was too strong a solution and caused internal acid burn type injuries. Defendant has submitted with its Motion a letter from Barney J. Barron, M.D. who appears to have been one of Plaintiff's physicians at Tinker Air Force Base Hospital. In this letter Dr.

Barron states that it was his impression that Plaintiff knew in 1972 or 1973 that the acid used in the Bernstein Test may have been too strong and caused her injuries. Defendant has also submitted a status report by Colonel William H. Behrnes, Director of Base Medical Services, relating to Plaintiff's treatment at Tinker Air Force Base Hospital. This report is dated May 23, 1973 and states that Plaintiff stated that she had been informed that her problem resulted from the strength of the acid used in the "Bernstein Test". Defendant has also submitted a report by a Thomas Donica, M.D., which is dated December 1, 1972. This report states that "A Bernstein test was done on her. She apparently sustained esophageal burns from the hydrochloric acid."

In response to the above evidentiary materials Plaintiff has submitted her own Affidavit in which she appears to indicate that she did not learn of the alleged malpractice at least until April 26, 1973. This Affidavit is far from clear as to when Plaintiff learned she was burned in the "Bernstein Test" of July 11, 1972. She refers in her Affidavit to contacting counsel and obtaining medical records but fails to give the date of either. Plaintiff has also submitted an Affidavit of one Michael Grossman, M.D. in which the Affiant states that it is his medical opinion that Plaintiff has been under continuous treatment of the (Tinker) Air Force Base Hospital or by other entities on the direct referral of the Tinker Air Force Base Hospital as a direct result of the injuries she sustained by the administration of the "Bernstein Test" (ever since the administration of the test). This Affidavit is dated April 12, 1976.

Plaintiff alleged in her Complaint that she filed her claim with the Air Force on April 3, 1975 and that this action was commenced within six months after the claim was rejected on November 26, 1975. If Plaintiff did not discover the alleged malpractice until her first operation on April 26, 1973 then this action would be timely. This action would also be timely if thereafter she contacted her attorney and then discovered the alleged malpractice. The materials presented to the Court are not conclusive on the discovery issue. Moreover, should the "continuous treatment" rule be applicable the materials presented to the Court are not conclusive in this regard. Rule 56, Federal Rules of Civil Procedure provides that summary judgment shall be granted only if there is no genuine issue as to any material fact. There appears to be a dispute as to the date on which Plaintiff discovered the alleged malpractice and incomplete information as to the date continuous treatment ceased if it has. Moreover, even if there was no clearly disputed issue of fact on the discovery issue the Court would be reluctant to grant summary judgment on the basis of the evidentiary materials submitted by Defendant. These materials are not verified, are not conclusive in their statements and are hearsay in nature. Further, if Plaintiff was under the continuous treatment of the Air Force Base Hospital until the time she filed her claim, the limitations period would be tolled. This is an issue of fact which has not been refuted by Defendant's evidentiary materials. Therefore Summary Judgment is improper and Defendant's Motion should be overruled. Defendant will answer the Complaint within twenty (20) days from the date hereof.

It is so ordered this 10th day of May, 1976.