The STATE of Oklahoma ex rel. WESTERN STATE HOSPITAL, Fort Supply, Oklahoma, Appellant,

v.

Jean STONER, Administratrix of the Estate of John F. Barnett, Deceased, Appellee.

No. 52546.

Supreme Court of Oklahoma.

July 1, 1980.

Wesley G. Gibson, Chief Counsel, State Dept. of Mental Health, Oklahoma City, for appellant.

Jerry W. Rizley, Woodward, for appellee.

HARGRAVE, Justice.

The State of Oklahoma ex rel. Western State Hospital instituted this action to recover on a debt created by care and treatment provided by that hospital to John F. Barnett, deceased, against Jean Stoner, the administratrix of decedent's estate. This care was furnished during the period from 1957 to 1964, and after credit for payment made, the claim amounted to $5,115.45. The estate's administratrix was presented with, and denied, the claim and this action followed. The administratrix answered alleging the estate was not thusly indebted for any sum to plaintiff for the reason that full payment at a reduced amount was made to plaintiff under the provisions of 43A O.S.1971 § 115, and that plaintiff had accepted the reduced sum knowingly, thus being estopped to deny full payment. This plaintiff hospital replied, denying authorization of a waiver as provided in the applicable statutes, 43A O.S.1971 § 111, § 112, or § 113. In a trial to the court of the issues thusly framed, the decision and judgment were that full payment on the debt was made and plaintiff's claim against the estate was denied.

After the overruling of plaintiff's motion for new trial, the appellant timely filed its petition in error wherein it alleged there is insufficient evidence to support a finding of statutory waiver or estoppel against the

hospital. The appellant elected to proceed under 12 O.S.1971, Chapter 15, App. 2, Rule 1.21, providing for a procedure whereby the appellant may serve on the adverse party a statement specifying the material facts he contends were not proved, whereupon the appellee must then designate those portions of the record and transcript as he wishes to rely upon to establish proof of the facts alleged to be necessary and absent. Those items alleged to be unproved and essential to plaintiff's case are that the defendant failed to establish evidence which would bring the decedent's debt reduction within the mandatory strictures of 43A O.S.1971 §§ 112, 113 or 114, prescribing the mandatory procedure for reduction of charges below that normally charged. Secondly, appellant alleges the defendant's evidence did not present a fact question of waiver or estoppel sufficient to support a judgment on that basis or distinguish or otherwise surmount the established authority that the State may not extinguish a debt for less than full payment.

The pertinent statutes in Title 43A provide the patient is liable for his care and treatment at an institution within the department, and that the debt thus created is not barred by any statute of limitations, 43A O.S.1971 § 111. The amount charged for the treatment is determined under 43A O.S.1971 § 112, not to exceed the average monthly per capita cost in the department's institutions. The central issue presented by this appeal is conformation, or lack thereof, with the provisions of the next following section, 43A O.S.1971 § 113, providing the procedure to be complied with in reducing the liability of a patient, and the effect 43A O.S.1971 § 115 has upon § 113. Title 43A O.S.1971 § 113 reads:

The Director, with the approval of the Board may issue regulations authorizing the superintendent of an institution in which a patient is held to reduce or waive the liability of the patient and his estate for his care and treatment, if it is determined that he is unable to pay the full amount for such care and treatment, or that he is an indigent person as defined in this title. Before any charge for care and

treatment is reduced or waived there must be a report by a member of the Social Service Department of the institution or department, or such other person as may be designated by the Director, as to the ability of the patient to support himself and those members of his family who are unlawfully dependent on him for support. The report shall be in writing and shall indicate the assets and liabilities and the number of dependents of the patient. It must be filed with the patient's records. Any reduction or waiver of a patient's indebtedness for care and treatment must be in writing, must state the reasons for the reduction or waiver and must be signed by the superintendent granting such reduction or waiver. It must also be filed with the patient's records at the institution. For the purpose of carrying out the provisions of Sections 111, 112, 113, 114, 115 and 116 of this Act the Oklahoma Tax Commission is directed to furnish to the Director, or some person designated by him, upon request, such information as may be of record in the Commission relative to patients, and their estates.

The appellee argues in support of the judgment that there was sufficient evidence to conclude that the $33.00 per month payments made pursuant to order of the District Court of Woodward County in the guardianship proceeding were in full payment of the care and treatment. A patient ledger card, letter written to the Woodward County Court by Sam Nobles, Reimbursement Officer for the hospital, a letter written by the hospital to Mrs. Jean Stoner in 1961, and the order entered in the guardianship proceeding are offered as sufficient basis for the court's finding that the hospital had agreed to the reduced payments. This conclusion is reached primarily from a ledger card entry on one card stating "we will receive $33 per month for care and treatment from Jack Courtney, Guardian . . .", in addition to Mr. Nobles' letter stating three months payments were past due leaving a balance of $99.00. The second factual basis for the alleged agreement to settle for the lower rate is that

conclusion can be fairly drawn from the probate court order which allows the guardian to pay the $33 sum. It reads:

Said hospital has requested that the sum of $75 per month be paid for such support, but due to the veteran's status of said incompetent, they have agreed to accept the sum of thirty three dollars.

These two items, the court order and letter which counts the past due balance at $33 per month, present a question of fact as to their true import. That is, the letter counting the past due balance at $33 per month could be an affirmation that the 33-dollar payment previously ordered by the probate court was all the funds the hospital expected. Similarly, the court order could be construed as an acquiescence to the fixing of that sum as full payment. However, the guardianship order is not a court-ordered approval of a lower rate to be paid for the ward's care which is binding upon the later recoupment of the balance owed because that order simply authorizes payment by the guardian of a claim in a guardianship proceeding and does not rise to the dignity of an issue that stands judicially determined. The only issue resolved there is the authority of the guardian to pay out the $33. Here the issue is whether there is a balance owed.

■ The difficulty of ascertaining, from the records presented, the question of waiver or reduction of fees charged for care and treatment is precisely the problem which 43A O.S.1971 § 113 was designed to forestall. When the provisions of the last-mentioned statute are fulfilled there should be no question as to waiver. The requirements of the statute are clear and they are mandatory. The provision for reduction of fees for patients provided in 43A O.S.1971 § 113 contains several commands. Excerpting these strictures, the following requirements appear in 43A O.S.1971 § 113:

I. The Director . . . may issue regulations authorizing the superintendent . . . to reduce or waive the liability of the patient . . . if it is determined he is unable to pay . . . or that he is indigent . . .

II. Before any charge for care and treatment is reduced or waived there *must* be:

A. A report by a member of the Social Service Department . . . or such other person as may be designated by the director as to the ability of the patient to support himself and lawful dependents.

B. The report *shall* be in writing and indicate the assets and liabilities and the number of dependents . .

C. It *must* be filed with the patient's records.

III. Any reduction or waiver must be in writing.

A. *Must* state the reasons for the reduction and

B. *Must* be signed by the superintendent granting such waiver.

C. The reduction must be filed with the patient's records at the institution.

Statutes are to be construed by reading their provisions with the ordinary and common definitions of the words used unless the context dictates a special or technical definition is to be utilized.

We have stated that the word "shall" is a mandatory command and in like manner the word "must" is also a mandatory command. In this connection we have defined the word "shall" in *Okla. Alcoholic Beverage Control Board v. Moss*, 509 P.2d 666, 668 (Okl.1973), as the equivalent of "must", and we have in turn defined "shall" in *State v. Hunt*, 286 P.2d 1088, 1090 (Okl. 1955) as follows:

In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning or when addressed to public officials or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into mere permission.

The clear intent of such a legislative mandate flatly requiring the above steps to be undertaken "before any charge for care and treatment is reduced or waived" are conditions precedent to the valid relinquishment of the State's claim for services rendered. The statute, where followed, would negate the class of problems encountered in this appeal. Where the statute was followed there would be no question a waiver was made. The fact the steps outlined are conditions precedent to a waiver or reduction and the steps to be undertaken are commands and are not couched in permissive terms, as opposed to mandatory directions, is a clear indication that the legislative intent here expressed is that the State shall recover from the patient or his estate for charges incurred without the bar of limitations statutes unless that liability has been waived in the statutory manner which is mandatory and leaves clear written proof of the waiver. Where not complied with the intent of the statute appears to save the State's claim for services rendered the patient. The intent of the statute is to save a claim for services rendered unless, by the steps outlined, clear proof of a waiver by the superintendent appears. In short, public policy, the content of the statute, and the intent of the legislature require the usual sense of command be applied to the words "shall" and "must".

The appellant lastly contends the judgment may not be saved by concluding in this instance that the State is estopped from claiming the account is not paid in full. It claims that this estoppel is based upon two letters purportedly showing the reduction was agreed to with the "apparent" approval of the superintendent. At the outset, it is to be noted that 43A O.S. 1971 § 113 does not specify that the superintendent's apparent approval is required,

but his approval in writing over his signature is required. Secondly, any apparent approval to be gleaned from the two letters offered is only an acceptance of the funds which the guardian was authorized to pay out for these purposes. As the guardianship orders filed in this action as exhibits reflect, those orders were an application and order approving disbursement of funds from the guardianship account, and they do not reflect, or have any bearing upon, the account due the hospital. The letters introduced as exhibits fall short of the proof needed to establish an estoppel against the State, in that it is not at all clear that the letters support a claim that the representation which was made was false. That is the first element of an equitable estoppel which requires (1) a false representation or concealment of facts (2) made with actual or constructive knowledge of its falsity, (3) the receiving party must have been without knowledge of the truth or the means of making that determination, (4) the statement must be made with the intent that it be acted upon, and (5) the receiving party must have acted upon it to his detriment. *Bd. of County Commissioners of Marshall Cty. v. Snellgrove*, 428 P.2d 272 (Okl.1967).

In explanation of the determination that there was no false statement made upon which to base the claim of estoppel, the first letter is quoted:

> Dear Judge Young:
>
> DX–1 According to last accounting of Guardianship, John F. Barnett, an incompetent, has a farm worth $8,000 and cash in the amount of $1,182.44. We are asking that Jack Courtney, successor guardian, be ordered by the court to make care and treatment payments to Western State Hospital in the amount of $75 per month according to mental health law.
>
> Respectfully,
> Approval S. M. Nobles
>
> Harold Witten, M.D.
> Superintendent.

It is noted that the Hospital sought the full payment for care and treatment provided for by the regulations in effect at that time, and this request bears the express approval of the superintendent. This letter contains no indication whatsoever that the plaintiff hospital was demanding less than the full reimbursement for care and treatment and does not afford a basis for a claim of waiver of the full payment or estoppel to later demand same. A similar situation is posed by the second letter marked State's Exhibit # 6 which is a copy of a letter written to the guardian which bears no indication it was signed and there is no testimony to that effect. The letter was admitted without objection and reads:

> Re: John Barnett
>
> Dear Mrs. Stoner:
>
> This is to confirm our conversation of a few days past and to let you know the status of Mr. Barnett's account.
>
> Mr. Barnett is without funds in his canteen account at present. *Partial payment of* care and treatment expenses was started in December of 1960 @ $33.00 per month with additional amount of $20.00 per month for veteran's incidental needs. This was carried out through May of 1961, leaving a balance of $99.00 owing for June, July, and August care and treatment.
>
> I would suggest that money be sent at once for veteran's canteen account, and that you petition court for authority to pay care and treatment. If I can be of assistance to you in this matter, please let me know.
>
> Cordially yours,
> SMN:bw S. M. Nobles
> APPROVAL: Reimbursement Officer
>
> Harold B. Witten, M.D.
> Superintendent. (Emphasis added.)

State X–6

This letter states upon its face that the $33.00 per month payment is a partial payment for care and treatment, and again there appears no basis from the face of the document to claim that the State was waiving, or is estopped to now claim full payment.

Prior to the execution of both the aforementioned letters, the County Court of Woodward County issued an order to disburse funds pursuant to an application authorizing payment of $33.00 per month, stating in part:

> . . . that said hospital has requested that the sum of $75.00 per month be paid for such support but due to the veteran status of said incompetent they have agreed to accept the sum of $33.00 per month.

This ex parte order in the guardianship proceeding is signed by the County Judge and bears no signature of approval from the party asserted to be bound. That being the case, in addition to the fact the order declares on its face that the hospital sought full payment, we find no basis in fact upon which to conclude either a statutory waiver under 43A O.S.1971 § 113 or a waiver of the full claim. The document bears no indication that the statements made therein are attributable to the hospital's superintendent and may not now estop him in this action. Finding no basis in fact to establish a waiver or estoppel the applicability of those principles against the sovereign need not be outlined, except to note that these doctrines should not be applied against the State ordinarily except in the interest of the public, on the basis of public policy. *Board of Education of Independent School District # 48 of Hughes County v. Rives,* 531 P.2d 335 (Okl.1974). Here the public policy and public interest dictate that the State be reimbursed for services rendered at state institutions as expressed in 43A O.S.1971 §§ 111 through 118, which provides for collection of these sums, the manner of procedure, and removes the applicability of private and public patients to the end that all patients pay for their care to the best of their ability. That intent is further evidenced by the removal of statutory bars for the bringing of such actions. Thus it is demonstrated that public policy as declared by the statutes will not support a waiver or estoppel and neither will the factual situation presented in the record.

REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR THE PLAINTIFF IN THE AMOUNT INDICATED BY THE RECORD, PLUS COSTS.

LAVENDER, C. J., IRWIN, V. C. J., and BARNES and OPALA, JJ., concur.

SIMMS, J., concurs in result.

WILLIAMS and HODGES, JJ., dissent.