**John B. CHADWICK, Jr., individually and derivatively on Behalf of Yellow Cab Company of Oklahoma, Inc., an Oklahoma Corporation, Appellant,**

v.

**Susanne FULLER, individually, and as Personal Representative of the Estate of Guy Fuller, Jr., and Susanne Fuller, as President of Yellow Cab Corporation and on behalf of the corporation, Appellees.**

No. 79749.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 12, 1993.

Certiorari Denied Jan. 12, 1994.

Alan E. Synar and Donelle H. Ratheal, Oklahoma City, for appellant.

Paul E. Quigley and Amy R. Wagner, Oklahoma City, for appellees.

*OPINION*

GARRETT, Judge:

In 1953, Guy Fuller, Sr. and his wife, Jessie Fuller (Fullers) incorporated Checker Cab Company. Two years later the name of the company was changed to: Yellow Cab Company of Oklahoma, Inc. (Yellow Cab).

In a series of transactions, Fullers gave shares of stock to their sons, Guy Fuller, Jr. (Guy) and Tom Fuller (Tom). No signed corporate records exist to show the gifts, except for Minutes of the 1974 meeting of shareholders and officers and Board of Di-

rectors of Yellow Cab. The 1974 Minutes were signed. At that time, Tom and Guy were each given 300 shares. According to the Minutes, the gift of stock contained the following restriction:

> Both [Fullers] announced that the transfer of these shares is conditioned upon the shares being non-transferable by either [Guy] or [Tom] to any third persons without first giving the right of first refusal for the purchase of said shares at now par value of $10.00 per share to [Fullers] or the survivor of them, or to the corporation itself.

In 1976 Guy Fuller, Sr. died leaving the remaining shares of his stock to his wife, Jessie Fuller. She transferred all of her stock back to Yellow Cab. When she died in 1983, she did not own any stock.

Guy and Tom became the sole shareholders of Yellow Cab. Each owned 1,500 shares. Guy was President and Tom was Secretary–Treasurer. In 1986, Tom became ill and Susanne Fuller (Appellee or Susanne), Guy's wife, became Secretary–Treasurer. Tom died testate in 1986. He left his entire estate to John B. Chadwick (Chadwick), who is not a family member. Tom's stock was transferred to Chadwick in 1989 by an order of the probate court. No objection was made at that time as to Chadwick's right to own the stock. The "right of first refusal" had not been given in compliance with the restriction.

Later, Chadwick filed a derivative shareholders suit to determine whether corporate assets were being wasted. Guy answered and counterclaimed. He alleged Chadwick was barred from owning the stock. During the pendency of the suit, Guy died testate. He left his entire estate to his wife, Susanne. She was elected President at a later shareholder's meeting. Chadwick was not notified of the meeting.

The matter proceeded to a bench trial. The court entered judgment in favor of Susanne and against Chadwick and ordered Chadwick to transfer all of his stock to Yellow Cab for the par value of $10.00 per share [$15,000.00].

■ Chadwick contends the Court erred when it held that the restriction on the transfer of stock extended to the testamentary disposition from Tom to Chadwick. In *First National Bank and Trust of Tulsa v. Oklahoma Tax Commission*, 447 P.2d 441 (Okl. 1968), the Court said "transfer" means:

> The conveyance of right, title, or property, either real or personal, from one person to another, whether by sale, by gift, or otherwise; any act by which the property of one person is vested in another.

Chadwick has not cited any authority that limits the term "transfer" to *inter vivos* transactions. The restriction on the transfer of stock included a testamentary disposition. While not applicable here, in the absence of family member heirs, it would apply to intestate succession.

Chadwick contends the Court erred when it held the restriction valid because it did not comply with 18 O.S.1991 § 1055 and 12A O.S.1991 § 8–204.

18 O.S.1991 § 1055(A) provides:

> A written restriction on the transfer ... of a security of a corporation ... may be enforced against the holder of the restricted security or any successor or transferee of the holder.... Unless noted conspicuously on the certificate representing the security ... a restriction ... is ineffective except against a person with actual knowledge of the restriction.

12A O.S.1991 § 8–204 provides:

> A restriction on transfer of security imposed by the issuer, even though otherwise lawful, is ineffective against any person without actual knowledge unless:
>
> (a) the security is certificated and the restriction is noted conspicuously thereon;
>
> &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

Evidence at trial showed the stock was certificated, but the certificates issued to Tom were lost. A new certificate for 1500 shares had been issued in Chadwick's name. Chadwick testified he was unaware of the restriction. The long-time attorney for Yellow Cab testified that, while the original certificates were unavailable, they had contained the restriction on the face of the documents. The attorney also testified that every time stock was given to Guy or Tom it was sup-

ported by Minutes of a corporation meeting which all interested parties signed.

■ Chadwick contends that by allowing the attorney to testify about the stock certificates and the Minutes, the Court in effect ruled the stock restriction was ambiguous and must be interpreted by the use of parol evidence. He also contends the Court erred when it allowed the attorney to testify regarding the intent of the parties because parol evidence is only admissible to show what the parties said, not to show what they intended to say. While the latter contention would be a correct statement, it is apparent from the record that the testimony of the attorney was not admitted to show what the parties intended. The testimony apparently was the only evidence available which related to the contents of the lost or missing stock certificates and the signed Minutes. Whether the restriction appeared on the face of the stock certificate was a material issue. There was no evidence showing that the lost stock certificates and the corporation Minutes did not contain the restriction.

The relevance and admission of evidence are matters addressed to the sound discretion of the Court, whose rulings will not be disturbed absent a showing of a clear abuse of discretion. 12 O.S.1991 §§ 2402, 2403; *Edwards v. Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.*, 650 P.2d 857 (Okl. 1982).

We find no abuse of discretion, miscarriage of justice or violation of constitutional or statutory right in the admission of this evidence.

Chadwick claims the attorney was biased, inconsistent and not persuasive. It is the province of the trier of fact, whether jury or trial court, to determine the credibility of witnesses and the weight to be given their testimony. *Matter of Adoption of E.S.P.*, 584 P.2d 209 (Okl.1978). We will not substitute our opinion for that of the proper fact finder.

AFFIRMED.

HUNTER, P.J., and BAILEY, J., concur.