**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

TULSA LITHO COMPANY,

    Debtor.

---

ROBERT G. GREEN,

    Appellant,

v.

TULSA LITHO COMPANY,

    Appellee.

No. 98-5075
(D.C. No. 97-CV-195-K)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Robert G. Green, as a creditor, appeals from an order by the United States District Court for the Northern District of Oklahoma which affirmed a final decision of the United States Bankruptcy Court issued in the Chapter 11 bankruptcy proceedings of Tulsa Litho Company (TLC). See 28 U.S.C. § 158(a) (giving district court jurisdiction to hear appeals from final decisions of bankruptcy court). The bankruptcy court denied Green's motions for relief from stay, for imposition of constructive trust, and for an administrative expense claim. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and affirm.

Green raises two issues on appeal: when does an attorney have a perfected charging lien on proceeds resulting from a judgment in favor of his client under Oklahoma law, and, if a perfected lien exists, whether this lien is defeated by the client's bankruptcy filing. We review the district court's legal conclusions *de novo*. *See Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir. 1994).

The facts are essentially undisputed. In 1993 TLC hired Green, an attorney, to represent it in a breach of contract case against a group of three companies (hereinafter collectively called "Fisher"). TLC won a judgment, including attorney fees, against Fisher, but Fisher filed for bankruptcy before TLC collected on its judgment. TLC paid Green part of the attorney fees it owed. TLC hired other counsel, Brian Corrigan, to represent it in the Fisher bankruptcy proceedings.

Another company bought TLC's stock in March 1996, and on May 15, 1996, TLC filed for reorganization under Chapter 11. TLC's petition listed the Fisher judgment as an asset, and it listed Green as a disputed unsecured creditor. On May 29, 1996, through attorney Corrigan, TLC accepted an offer to settle its outstanding judgment against Fisher for 55% of the original judgment. In September 1996 Green requested relief from the automatic stay in TLC's bankruptcy to allow him to create or perfect an attorney's lien against the Fisher settlement by filing a notice of such in the Fisher litigation. The bankruptcy court took his motion, which TLC opposed, under advisement. On November 26, 1996, the bankruptcy court confirmed TLC's plan of reorganization, which treated Green as an unsecured Class 5 creditor whose recovery depended on the performance of the trust.

In January 1997 the bankruptcy court entered an order concluding that Green did not have an attorney's lien on the proceeds of the Fisher settlement because he failed to comply with the Oklahoma attorney's lien statute, Okla. Stat. tit. 5, § 6. That statute provides that an attorney has a lien for fees from the commencement of an action *if* the attorney has either served "notice upon the defendant . . . in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice" *or* if the attorney has "filed such pleading in a court of record, and endorsed thereon his name, together with the words 'Lien claimed.'" *Id.* The court rejected Green's claim that he constructively satisfied the notice requirement by showing that Fisher implicitly understood the nature and extent of his attorney lien as evidenced in the May 29 settlement letter written by Corrigan. Both the district and bankruptcy courts concluded that because the letter was written *after* TLC's petition for bankruptcy had been filed and the automatic stay was in effect, the implicit "notice" violated the stay, was ineffective, and Green had no perfected attorney's lien that would give him priority over any other unsecured creditor. *See* Appellant's App. at 86-88; 74-75. We agree.

We have previously held that "[t]he validity and extent of an attorney's lien in bankruptcy is determined by state law." *Electronic Metal Prods., Inc. v. Bittman (In re Electronic Metal Prods., Inc.)*, 916 F.2d 1502, 1504 (10th Cir.

1990) (quotation omitted). While Green had a charging lien against TLC that arose by operation of law, because he did not comply with the requirements of the Oklahoma attorney lien statute before TLC filed for bankruptcy, his lien was not perfected against third parties and was invalid against TLC's trustee in bankruptcy as of the date of the bankruptcy filing. *See Edwards v. Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc.,* 650 P.2d 857, 862 (Okla. 1982) (stating that the attorney's charging lien is based on an equitable doctrine that the attorney should be paid out of the collection of the judgment secured by the attorney's efforts); *cf. In re Electronic Metal Prods* ., 916 F.2d at 1505 (holding that, even though the charging lien is effective against the client, unless it has been perfected as to third parties, it is not effective against the client's bankruptcy trustee). Green argues that his charging lien that arose by operation of the common law is not affected by the Oklahoma attorney lien statute because the purpose of that statute is simply to provide additional remedies against third parties and a statute of limitations. His argument misses the point. Under bankruptcy law, the creation of an interest in property is not synonymous with perfection of that interest. *See* 11 U.S.C. 362(a)(4) (staying "any act to create, perfect, or enforce any lien against property of the estate"); *In re Electronic Metal Prods.* , 916 F.2d at 1505 (treating creation and perfection of lien as two distinct events). A statute like the one in Oklahoma requires the attorney to perform some

-5-

affirmative act or comply with some procedure to perfect the interest created by common law. *Cf. id.* (applying Colorado attorney lien statute); *In re Del Grosso*, 111 B.R. 178, 182 (Bankr. N. D. Ill. 1990) (noting procedures required in order to perfect attorney's lien under Illinois law and holding that because service was not effectuated properly, there was no perfected attorney's lien). The New York cases cited by Green are distinguishable because New York does not require any additional procedures to perfect an attorney's charging lien as to third parties except when the lien is for services rendered prior to the commencement of an action. *See* N.Y. Judiciary Law § 475 (McKinney 1999) (providing that the attorney's lien is created from the commencement of the action and attaches to a judgment and its proceeds "in whatever hands they may come"); *Hoffman & Schreiber v. Medina*, 224 B.R. 556, 562 n.4 (D.N.J. 1998); *cf.* N.Y. Judiciary Law § 475-a (McKinney 1999) (providing that, prior to commencement of an action, a lien is created only if attorney serves notice of the lien upon the person against whom the client may have a cause of action).

Green argues that *First Nat'l Bank & Trust Co. v. Abel (In re Western Real Estate Fund, Inc.)*, 922 F.2d 592 (10th Cir. 1990), *modified, Abel v. West*, 932 F.2d 898 (10th Cir. 1991), controls the resolution of this case. We disagree. As noted by the district court, *In re Western Real Estate* involved an attorney who had perfected his lien prior to the bankruptcy of his client by notice to the

defendant and filed his proof of claim in the bankruptcy case. *See id.* at 594-95.

Having failed to perfect his charging lien as to third parties before his client filed for bankruptcy, Green is an unsecured creditor with no priority over other creditors in a similar position.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge