### In re OKLAHOMA BREAST IMPLANT CASES.

### No. SCAD 92–15.

Supreme Court of Oklahoma.

Feb. 16, 1993.

GENERAL ORDER NO. 1 APPOINTING COORDINATING JUDGE FOR BREAST IMPLANT CASES AND STATING THE AUTHORITY OF THE COORDINATING JUDGE

Pursuant to Application of the parties filed on this Court's Administrative Docket, and pursuant to the general supervisory and administrative powers granted to this Court by the Oklahoma Constitution, Article 7, Sections 4 and 6, the Court makes the

following findings and enters the following orders:

1. The controversy involving breast implants has spawned a flood of cases in Oklahoma and across the nation with the problems that always accompany such complex mass-tort litigation. This Court is informed that approximately twenty five personal injury/products liability cases have been filed in Oklahoma County district court to date, and that it is anticipated that numerous other cases will shortly be filed in Oklahoma district courts, mainly in Oklahoma County.

2. The Court finds that these personal injury/products liability actions concerning breast implants involve common pretrial and discovery issues and that coordination for pretrial purposes will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Court finds that such centralized handling is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. For purposes of this Order, a case "involving breast implants" means a case in which (i) it is alleged that any breast implant caused a party personal injury or economic loss, whether the theory of recovery in said action is under manufacturer's products liability, negligence, breach of express or implied warranty, fraud, misrepresentation, loss of consortium or any other legal or equitable theory of recovery, and (ii) any defendant or third-party defendant is a nonresident of Oklahoma.

2. For purposes of this Order, the "Federal Multidistrict Litigation" means the Silicone Gel Breast Implants Products Liability Litigation, MDL–926 pending in the Northern District of Alabama before Honorable Sam. C. Pointer, Jr., Chief Judge, as ordered by the Federal Judicial Panel on Multidistrict Litigation on June 25, 1992.

3. John M. Amick, is hereby appointed Coordinating Judge to exercise the powers set out in paragraph 4 below in any case involving breast implants filed or to be filed in any Oklahoma district court.

4. Except to the extent such power is limited by paragraph 5, below, the Coordinating Judge is empowered to: (1) Establish procedures for service of summons on defendant manufacturers; (2) establish procedures for the use of uniform or master petitions, answers and other pleadings; (3) make rulings relating to production of medical, psychological, psychiatric, employment, disability, income, tax, education, insurance and other relevant records regarding each plaintiff; (4) enter orders relating to procedures for conducting independent medical examinations of plaintiffs; (5) require each plaintiff, at the time the petition is filed or, in cases already filed, within thirty (30) days from entry of the Coordinating Judge's initial scheduling order, to: (i) serve upon Defendants' Coordinating Counsel, a verified Fact Sheet in the form to be provided for in the Case Management Order to be stipulated to by the parties and entered by the Coordinating Judge; and (ii) execute a Release providing for the release of medical, and, if applicable based upon issues in the specific action, psychological, psychiatric, employment, disability, income, tax, education, workers' compensation insurance and other relevant records; (6) coordinate discovery in the state actions in a manner to avoid unnecessary duplication and in a manner to conserve the resources of the parties, their counsel, and the judiciary; (7) coordinate state court discovery with discovery which has been conducted and will be conducted in the Federal Multidistrict Litigation; (8) establish procedures, starting dates, and deadlines for discovery, including discovery through interrogatories, document requests, requests for admissions, and depositions of the parties and of non-parties; (9) establish standardized interrogatories, requests for production, and requests for admission, and procedures and schedules for submission and response to same; (10) establish procedures for the use in the Oklahoma state court cases of the document depository established in the Federal Multidistrict Litigation; (11) establish a central location for maintaining all

documents produced by Oklahoma state court plaintiffs to alleviate the burden of multiple productions of documents on a plaintiff; (12) establish procedures for use in the Oklahoma state court cases of depositions taken in the Federal Multidistrict Litigation; in this regard, the Coordinating Judge shall follow the principle that current and former manufacturer employees and national experts, except as provided in the Case Management Order agreed to by the parties and in paragraph 7 herein, shall not be subject to multiple depositions for use in Oklahoma state court cases; (13) process and rule upon all motions directed at pleadings, including, but not limited to, any motions based upon any grounds listed at 12 O.S.1991, §§ 2009 and 2012; (14) process and rule upon any motions relating to discovery disputes and where appropriate enter protective orders or enforce discovery; (15) process and rule upon any alleged violations of 12 O.S.1991, § 2011; (16) permit substitution of parties under 12 O.S. 1991, § 2025; (17) impose sanctions for failure to properly permit discovery or for violation of any court orders, as permitted by law; (18) process and rule upon any motions to dismiss pursuant to 12 O.S. § 2012(B), and motions for summary judgment pursuant to Rule 13, Rules for District Courts; (19) conduct scheduling conferences and status conferences and enter orders establishing deadlines; (20) otherwise superintend discovery and coordinate pretrial proceedings up to, but not including conducting pretrial conferences; (21) approve the appointment and assignment of designated Plaintiffs' Coordinating Counsel; designated Defendants' Coordinating Counsel; designated Plaintiffs' Coordinating Committee; and designated Defendants' Coordinating Committee and assign duties to same; (22) establish procedures for pro hoc vice admission of national counsel for defendant manufacturers; (23) establish procedures for retention and testing of explanted implants, tissue samples and the like; and (24) at the completion of the proceedings contemplated by such order, remand each action to the Court in which the case was pending and to the judge to whom such case was assigned at the time it was transferred to the Coordinating Judge.

5. Testimony taken in the Federal Multidistrict Litigation ("MDL") proceedings can be used against a defendant in an Oklahoma state court action who is not also a party in the MDL ("the non-MDL defendants") only under the following conditions:

(a) Oklahoma counsel for the non–MDL defendant is given written notice by any and all Oklahoma counsel intending to use or offer testimony acquired through the MDL format within such time period as set by the Coordinating Judge. Such notice shall specifically designate the portions of the MDL testimony which would directly impact the non-MDL defendant's exposure independent of such defendant's status in the chain of product distribution, which the sponsor of such testimony intends to use. If such designation is not made, the MDL deposition may not be used against a non-MDL defendant in an Oklahoma state court action.

Examples of deposition testimony which would not require designation are testimony concerning premarket development, testing and the consequences of breast implantation within the body. Examples which would require designation are the level of physician knowledge concerning implants, information furnished to the physician arguably in satisfaction of the learned intermediary rule, and testimony concerning elements of informed consent.

(b) Oklahoma counsel for the non-MDL defendant shall be given a transcript of the testimony of said witness or witnesses being offered against the non-MDL defendant, together with a copy of the video proceedings (if taken) immediately upon availability by the offering party's counsel.

(c) Within such time period as may be set by the Coordinating Judge in the Case Management Order, Oklahoma counsel for the non-MDL defendant shall review the testimony of such MDL witness and determine whether he desires further examination of the MDL witness. If so, Oklahoma counsel for the non-MDL defendant seeking the further deposition of the MDL wit-

ness may file an Application with the Coordinating Judge. The Application shall identify the areas where further examination is required and demonstrate how the MDL deposition of such witness did not adequately develop or address the areas where further examination is sought and show how further examination would be relevant. Within a time period to be fixed by the Coordinating Judge in the Case Management Order, any party may file an objection to such further deposition and seek a Protective Order prohibiting same on the grounds that the testimony sought was fully covered in the MDL deposition or is not relevant. If no such objection is filed or the Protective Order is denied, the deposition may be taken. Any further deposition of the MDL witness taken pursuant to this procedure shall cover only those areas designated in the Application for further deposition.

(d) In conducting any such follow-up deposition, counsel shall be permitted to conduct examination to the full extent ordinarily permitted counsel examining witnesses in Oklahoma state court proceedings.

6. The pending cases listed on Schedule A attached hereto are hereby transferred for purposes of discovery and pretrial supervision and coordination, as outlined above, to John Amick, as Coordinating Judge.

7. Upon receipt of a notice from any interested person that a case involving breast implants not listed on Schedule "A" has been filed in Oklahoma County, the case shall be transferred to the Coordinating Judge for purposes of supervising and coordinating discovery and pretrial proceedings as set forth above. It shall be the duty of the party requesting such transfer to mail by certified mail, return receipt requested, a copy of the order of transfer to all counsel of record, whereupon said parties have fifteen (15) days from receipt of such notice to file an objection with the Coordinating Judge setting forth reasons why said action should not be transferred to the Coordinating Judge. There will be a rebuttable presumption in favor of transferring any case involving breast implants to the Coordinating Judge for supervision and coordination of discovery and pretrial proceedings.

8. Upon notice to this Court by any interested person that a case not listed on Schedule "A" involving breast implants has been filed in a County other than Oklahoma County, such case shall be transferred to Oklahoma County and assigned to John M. Amick, as Coordinating Judge. It shall be the duty of the party requesting such transfer to mail by certified mail, return receipt requested, a copy of the request to all counsel of record. Any objection to such transfer shall be filed with this Court within fifteen (15) days from receipt of such notice. There will be a rebuttable presumption in favor of transferring any case involving breast implants to the Coordinating Judge for supervision and coordination of discovery and pretrial proceedings.

9. Upon transfer of a case involving breast implants to the Coordinating Judge, the assigned district court judge's jurisdiction over the case shall cease until such time as the case is remanded to the assigned judge. At the conclusion of the Coordinating Judge's pretrial coordination of the case, it shall be remanded to the assigned district court judge for trial.

10. Upon receipt of this order or any other form of transfer order, the court clerk where the action involving breast implants is pending is ordered to transfer the complete file and docket sheet to John M. Amick as Coordinating Judge.

11. The Oklahoma Supreme Court shall have continuing jurisdiction in this matter to issue transfer orders and other appropriate orders, and to deal with issues relating to the scope of the Coordinating Judge's authority.

SO ORDERED.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., dissents.

## SCHEDULE A

### OKLAHOMA STATE CASES INVOLVING BREAST IMPLANTS

1. Best, Mary Dell v. Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, McGhan Medical Corporation, McGhan, Limited, W. Edward Dalton, M.D. and W. Edward Dalton, M.D., Inc.; Case No. CJ–92–7425–33; Oklahoma County

2. Bodnar, Susan and Bodnar, Andrew v. Medical Engineering Corporation d/b/a Surgitek, Surgitek, Inc., Dow Corning Wright, Dow Corning Corporation, The Dow Chemical Company, Bristol–Myers Squibb Company, Inc., C.U.I., Inc., d/b/a Cox–Uphoff and J. Dan Metcalf, M.D., Case No. CJ–92–5694–01; Oklahoma County

3. Boone, Tamara v. Heyer–Schulte Corporation, American Hospital Supply Corporation, Mentor Corporation, Baxter Travenol Laboratories, Inc., Baxter Healthcare Corporation d/b/a Hyland Donor Center and Hyland Division Travenol Laboratories, Case No. CJ–92–3846–02, Oklahoma County

4. Brown, Nancy V. v. Bioplasty, Inc., Bio–Manufacturing, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, and Dr. D.W. Foerster, Case No. CJ–92–8530, Oklahoma County

5. Cowan, Carole and Cowan, Raymond v. Surgitek, Inc.; Medical, Engineering Corporation; Bristol–Myers Squibb Company, Dow Corning Corporation; Dow Corning Wright Corporation; W. Edward Dalton, M.D., Case No. CJ–92–2586–10; Oklahoma County

6. Cravens, Mary Jeannette and Cravens, Guy v. Surgitek, Inc.; Natural Y Surgical Specialties, Inc., Dow Corning Corporation; Dow Corning Wright Corporation; Dr. R.R. Crawford, Case No. CJ–92–9641–11, Oklahoma County

7. Draper, Jackie and Draper, Don V. Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, McGhan Medical Corporation, McGhan, Limited, J. Michael Kelly, M.D., J. Michael Kelly,

M.D., Inc., Case No. CJ–92–2586–10, Oklahoma County

8. Ferguson, Cindy and Ferguson, Michael v. Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, McGhan Limited Corporation; C.U.I., Inc., d/b/a Cox–Uphoff International, W. Edward Dalton, M.D., W. Edward Dalton, M.D., Inc., Case No. CJ–92–8187, Oklahoma County

9. Gebhart, Barbara v. Medical Engineering Corporation, [formerly Natural Y Surgical Specialties, Inc.], Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, Garland Porterfield, M.D., Garland Porterfield, M.D., Inc., Case No. CJ–92–8190, Oklahoma County

10. Goodman, Lorene v. Medical Engineering Corporation, Surgitek, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, Corning, Inc., Bristol–Myers Squibb Co., Aesthetech Corporation, The Cooper Companies, Inc., Cooper–Vision, Inc., CV SUB 1987, Inc., Inamed Corporation, Natural Y Surgical Specialties, Inc., Markham Development Company, Replicon Laboratories, Inc., Cox–Uphoff International Corporation, Wilshire Foam Products, Inc., Sirod Corporation, "21" International Holdings Inc., CVI Merger Corporation, Minnesota Mining & Manufacturing Company d/b/a the 3–M Company, Foamex, L.P., 21 Foam Company, Inc., Reticel Foam Corporation, J. Dan Metcalf, M.D., Case No. CJ–92–7326, Oklahoma County

11. Grigsby, Bertha and Grigsby, Bobby v. Baxter Health Care Corporation, Baxter International, Inc., Surgitek, Inc., Bristol–Myers Squibb Company, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, and Dr. Jim G. Duckett, Case No. CJ–92–7552, Oklahoma County

12. Johnson, Patricia L. v. Medical Engineering Corporation, Surgitek, Inc., Bristol–Myers Squibb Co., Bristol–

Myer Cooper Surgical, Inc., The Cooper Companies, Inc., formerly known as Cooper–Vision, Inc., Aesthetech Corporation, Natural Y Surgical Specialties, Inc., Wilshire Foam Products, Inc., Sirod Corporation, "21" International Holdings, Inc., formerly known as Knoll International Holding, Inc., formerly known as Scotfoam Corporation, Dow Corning Corporation, Dow Corning Wright Corporation, and Dr. Erlan Duues, No. CJ–92–8951–45, Oklahoma County

13. Mayberry, Letha v. Richard F. Carver, M.D., Springer Clinic, Dow Corning Corporation, and Dow Corning Wright Corporation, Case No. CJ–92–5397, Tulsa County

14. Miller, Kayleen and Miller, Clell v. Medical Engineering Corporation, [formerly Natural Y Surgical Specialties, Inc.], Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, W. Edward Dalton, M.D., W. Edward Dalton, M.D., Inc., and Bristol–Myers Squibb Company, Inc., Case No. CJ–92–8189, Oklahoma County

15. Mulkey, Vicki and Mulkey, Fred v. Medical Engineering Corporation, Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, W. Edward Dalton, M.D., W. Edward Dalton, M.D., Inc., and Bristol–Myers Squibb Company, Inc., Case No. CJ–92–5470–33, Oklahoma County

16. Murray, Sandra and Murray, James v. Medical Engineering Corporation, [formerly Natural Y Surgical Specialties, Inc.], The Cooper Companies, Inc. f/k/a Coopervision, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, and Hans Norberg, M.D., Case No. CJ–92–0050–61, Oklahoma County

17. Penwright, Linda Aubrey and Penwright, Jessie v. Dow Corning Corporation; The Dow Chemical Company, Inc.; Merrell Dow Pharmaceuticals, Inc.; Dow Corning Wright; Corning Incorporated; Surgitek, Inc., Medical Engineering Corp., Medical Engineering Corporation and Bristol–Myers Squibb Company, Inc., Case No. CJ–92–2322–01, Oklahoma County

18. Olah, Lorraine and Olah, Douglas v. Medical Engineering Corporation, Surgitek, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, Bristol–Myers Squibb Co., Aesthetech Corporation, The Cooper Companies, Inc., Cooper–Vision, Inc., CV SUB 1987, Inc., Natural Y Surgical Specialties, Inc., Markham Development Company, Replicon Laboratories, Inc., Wilshire Foam Products, Inc., Sirod Corporation, "21" International Holdings Inc., Foamex, L.P., 21 Foam Company, Inc., Reticel Foam Corporation, W. Edward Dalton, M.D., and W. Edward Dalton, M.D., Inc., Case No. CJ–92–7430, Oklahoma County

19. Papan, Ruth and Papan, Lester v. Medical Engineering Corporation, Surgitek, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, Bristol–Myers Squibb Company, Paramjit S. Bajaj, M.D. and Paramjit S. Bajaj, M.D., Inc., Case No. CJ–92–5773–32; Oklahoma County

20. Pogue, Beverly v. Surgitek, Inc., Bristol–Myers Squibb Co., Dow Corning Corporation, Dow Corning Wright Corporation, and Dr. William J. Forrest, and Dr. William Coleman, Case No. CJ–92–7400–10; Oklahoma County

21. Richards, Deborah and Richards, Glenn v. Medical Engineering Corporation, [formerly Natural Y Surgical Specialties, Inc.], Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, Bristol–Myers Squibb Company, Inc., J. Dan Metcalf, M.D., Case No. CJ–92–8191–20, Oklahoma County

22. Richardson, Anita and Richardson, Randall v. Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, and William S. McCurdy, III, M.D. No. CJ–92–9447–09, Oklahoma County

23. Robinson, Rosalie M. v. Medical Engineering Corporation, Case No. CJ–91–5384, Tulsa County

24. Salyers, Sydney Sue and Salyers, Walter v. Dow Corning Corporation, Dow Corning Wright Corporation, and Dr. Fred Martin, Case No. CJ–92–8561, Oklahoma County

25. Smith, Kitty Lee v. 3M Corporation—Surgical Product Division, Minnesota Mining and Manufacturing Company, Dow Corning Wright Corporation, Surgitek, Inc.; Surgitek, d/b/a Medical Engineering Corporation, Medical Engineering Corporation, d/b/a Surgitek, Inc. Bristol–Myers Squibb Company, Dr. W. Edward Dalton, and Dr. Jim G. Duckett, Case No. CJ–92–8498–11, Oklahoma County

26. Thomson, Karen and Thomson, William v. Medical Engineering Corporation, Surgitek, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, The Dow Chemical Company, McGhan Medical Corporation, J. Michael Kelly, M.D., and J. Michael Kelly, M.D., Inc., No. CJ–92–9707–06, Oklahoma County

27. Tyner, Frances and Tyner, Richard v. Dow Chemical Company; Dow Corning Wright Corporation; Dow Corning Corporation; Corning, Inc.; Surgitek, Inc.; Bristol–Myers Squibb Company; Natural Y Surgical Specialties, Inc.; Replicon Laboratories, Inc.; Cox–Uphoff International Corporation; Medical Engineering Corporation; Aesthetech Corporation; The Cooper Companies, Inc.; Coopervision, Inc.; CV Sub 1987, Inc.; Wilshire Foam Products, Inc.; Sirod Corporation; "21" International Holdings, Inc.; CVI Merger Corporation; Minnesota Mining and Manufacturing Company d/b/a The 3–M Company; Markham Development Company; M.E.C. Subsidiary Corporation; Steven D. Jimerson; and Steven D. Jimerson, M.D., Inc., Case No. CJ–92–7064–32, Oklahoma County

28. Walker, Mary Jane v. Surgitek, Inc.; Medical Engineering Corporation; Bristol–Myers Squibb & Company, Dow Corning Corporation; Dow Corning Wright Corporation; W. Edward Dalton, M.D.; CUI Corporation, Case No. CJ–92–8991

29. Wilkins, Lesli E. and Wilkins, William v. Medical Engineering Corporation, [formerly Natural Y Surgical Specialties, Inc.], The Cooper Companies, Inc. f/k/a Coopervision, Inc., Dow Corning Corporation, Dow Corning Wright Corporation, and Hans Norberg, M.D., Case No. CJ–92–9949–67, Oklahoma County

SIMMS, Justice, dissenting:

I must respectfully dissent for, in my opinion, the Administrative Order entered today is an arbitrary and unauthorized exercise of judicial power. It is based entirely on federal law, 28 U.S.C. § 1407, the Multidistrict Litigation Act, which has no application to our state court system or proper procedures for transferring litigation under state law.

In Section 1407, Congress empowered the Chief Justice of the Supreme Court of the United States to appoint a judicial panel on multidistrict litigation comprised of seven circuit and district judges with the authority to transfer federal cases involving one or more common questions of fact to any district for coordinated or consolidated pretrial proceedings. The act further provides for review of any order directing transfer by extraordinary writ, but no provision is made for review of an order of the federal panel denying transfer. There can be no judicial review of this Administrative Order.

Oklahoma, however, has no similar statute or court rule. Neither does Oklahoma have districts and district courts which are the equivalent of those within the federal system.

Our state constitutional provisions, Art. VII, Sections 4 and 6, are cited as authority for the Court's action. Unlike my colleagues, I do not subscribe to the theory that this Court's authority is unlimited by reason of Sections 4 and 6. I see nothing in our constitution which supports the majority's determination that we have an administrative power through which we may reach out and control the daily affairs of the district courts.

Section 4 confers upon this Court its appellate jurisdiction and gives it superintending control over all inferior courts, however, that power of superintending control is exercised only by the use of the common law writs of prohibition, mandamus, and injunction. *Butler v. Breckinridge*, 442 P.2d 313 (Okla.1967). Section 4 does not grant this Court the authority to supervise or superintend the daily docket control of the district courts unless an extraordinary writ is employed.

Article VII, sec. 6, vests in this Court general administrative authority over all courts in this state and authorizes us to temporarily assign judges to another court and conduct the fiscal affairs of the district courts. Section 6 cannot be read as a grant of authority to this Court to transfer cases from county to county under the theory of the federal multidistrict litigation act.

Even if we could follow the federal model in imposing this administrative directive on these parties and the district court, the majority's order does not provide the procedural prerequisites set forth in the federal act. That act provides for notice to all parties in which transfers are contemplated, and for a hearing so that any party who would be affected by the transfer can offer material evidence for the panel's consideration. The list of breast implant cases appended to the paperwork indicates that all the cases, save and except two, are filed in Oklahoma county. The remaining two are filed in Tulsa county. The paperwork before us does not show that the Tulsa county parties received notice or any timely opportunity to be heard as to their thoughts about conducting their pretrial in Oklahoma County jointly with other litigants. The order creates a rebuttable presumption of the correctness of the transfer, and after the fact the parties may then voice their objection to the transfer. While the federal act provides the parties a hearing before transfer, today's order denies them a pre-transfer hearing.

There is no doubt in my mind that the objectives of the order are intended for the benefit of the district courts and the parties. These same laudable and desirable objectives may be obtained in a manner that is legitimate, legal, and orderly, however. In 1969, this Court adopted Rules on Administration of Courts, 20 O.S.1991, Ch. 1, App. 2. Rule 2 gives the Presiding District Judge plenary control over all judicial personnel serving in the district. Rule 3 reads in part, " * * * Temporary assignments may be made for a single case, *for multiple cases* * * * with the approval of the presiding judge."

I submit the proper procedure to be followed in this litigation is to request the Presiding Judge in each of the two judicial districts to assign one judge for the purpose of conducting all pretrial proceedings, including discovery, in all the breast implant cases pending in their respective judicial district. This Court's summary appointment of one judge to conduct all the pretrial proceedings pending or yet to be filed in the State of Oklahoma is an unauthorized exercise of judicial power.