847 P.2d 772 (1993)
In re OKLAHOMA BREAST IMPLANT CASES.
No. SCAD 92-15.
Supreme Court of Oklahoma.
February 16, 1993.
*778 SIMMS, Justice, dissenting:
I must respectfully dissent for, in my opinion, the Administrative Order entered today is an arbitrary and unauthorized exercise of judicial power. It is based entirely on federal law, 28 U.S.C. § 1407, the Multidistrict Litigation Act, which has no application to our state court system or proper procedures for transferring litigation under state law.
In Section 1407, Congress empowered the Chief Justice of the Supreme Court of the United States to appoint a judicial panel on multidistrict litigation comprised of seven circuit and district judges with the authority to transfer federal cases involving one or more common questions of fact to any district for coordinated or consolidated pretrial proceedings. The act further provides for review of any order directing transfer by extraordinary writ, but no provision is made for review of an order of the federal panel denying transfer. There can be no judicial review of this Administrative Order.
Oklahoma, however, has no similar statute or court rule. Neither does Oklahoma have districts and district courts which are the equivalent of those within the federal system.
Our state constitutional provisions, Art. VII, Sections 4 and 6, are cited as authority for the Court's action. Unlike my colleagues, I do not subscribe to the theory that this Court's authority is unlimited by reason of Sections 4 and 6. I see nothing in our constitution which supports the majority's determination that we have an administrative power through which we may reach out and control the daily affairs of the district courts.
*779 Section 4 confers upon this Court its appellate jurisdiction and gives it superintending control over all inferior courts, however, that power of superintending control is exercised only by the use of the common law writs of prohibition, mandamus, and injunction. Butler v. Breckinridge, 442 P.2d 313 (Okla. 1967). Section 4 does not grant this Court the authority to supervise or superintend the daily docket control of the district courts unless an extraordinary writ is employed.
Article VII, sec. 6, vests in this Court general administrative authority over all courts in this state and authorizes us to temporarily assign judges to another court and conduct the fiscal affairs of the district courts. Section 6 cannot be read as a grant of authority to this Court to transfer cases from county to county under the theory of the federal multidistrict litigation act.
Even if we could follow the federal model in imposing this administrative directive on these parties and the district court, the majority's order does not provide the procedural prerequisites set forth in the federal act. That act provides for notice to all parties in which transfers are contemplated, and for a hearing so that any party who would be affected by the transfer can offer material evidence for the panel's consideration. The list of breast implant cases appended to the paperwork indicates that all the cases, save and except two, are filed in Oklahoma county. The remaining two are filed in Tulsa county. The paperwork before us does not show that the Tulsa county parties received notice or any timely opportunity to be heard as to their thoughts about conducting their pretrial in Oklahoma County jointly with other litigants. The order creates a rebuttable presumption of the correctness of the transfer, and after the fact the parties may then voice their objection to the transfer. While the federal act provides the parties a hearing before transfer, today's order denies them a pre-transfer hearing.
There is no doubt in my mind that the objectives of the order are intended for the benefit of the district courts and the parties. These same laudable and desirable objectives may be obtained in a manner that is legitimate, legal, and orderly, however. In 1969, this Court adopted Rules on Administration of Courts, 20 O.S. 1991, Ch. 1, App. 2. Rule 2 gives the Presiding District Judge plenary control over all judicial personnel serving in the district. Rule 3 reads in part, "* * * Temporary assignments may be made for a single case, for multiple cases * * * with the approval of the presiding judge."
I submit the proper procedure to be followed in this litigation is to request the Presiding Judge in each of the two judicial districts to assign one judge for the purpose of conducting all pretrial proceedings, including discovery, in all the breast implant cases pending in their respective judicial district. This Court's summary appointment of one judge to conduct all the pretrial proceedings pending or yet to be filed in the State of Oklahoma is an unauthorized exercise of judicial power.